# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF:

AIDA L ORTIZ ORTIZ
Debtor(s)

CASE NO.: 10-08174 (SEK)

CHAPTER 11

## LIMITED OBJECTION TO DISCLOSURE STATEMENT AND CHAPTER 11 PLAN

TO THE HONORABLE COURT:

COMES NOW creditors TANIA DEL LLANO JIMENEZ and IAN DEL LLANO JIMENEZ represented by the undersigned attorney who respectfully set forth and prays:-

## INTRODUCTION

TANIA DEL LLANO JIMENEZ and IAN DEL LLANO JIMENEZ are creditors and parties in interest in the above captioned case; furthermore they are two of the heirs of the estate of RAUL DEL LLANO LAGO, decedent husband of Debtor. After RAUL DEL LLANO LAGO passed away, Debtor exercised unwarranted control of the decedent's estate property, this situation caused extensive litigation proceedings for the liquidation of the hereditary estate.

All litigation expenses led the parties to intent the resolution of the issues through a stipulation for the allocation and distribution of the heirs' estate. The stipulation was agreed upon and later converted into Judgment in case DPE2007-1532, (attached herein as Exhibit A).

Title and possession of the hereditary estate property was transferred by Judgment; still pending a personal obligation of Debtor to cancel all liens on a specific property.

The subject of this limited objection is a property located at Urb. San Francisco, **an asset distributed to the appearing creditors through the aforementioned Judgment**. Debtor recognized on her schedules that the property is subject to a stipulation, but in contradiction, Debtor claims authority to deal with the property under the plan and to surrender it to a creditor for its foreclosure.

In disregard to the final Judgment, the whole value of the property was included as part of the bankruptcy estate. (See schedule A attached herein as Exhibit B). At the meeting of creditors, we call the attention of the presiding officer about the Judgment, Debtor was inquired by the Trustee to clarify this incongruence; but as of today, the fact remains vague. (See the 341 hearing minutes attached herein as Exhibit C).

Debtor has treated the issue in an ambiguous manner, by including the whole value of the property as part of the bankruptcy estate, and by dealing with the property under the plan; in contradiction, the value of the property was not included as part of the liquidation value of the case.

The clarification of the issue of title over the property is necessary because it may indeed affect the liquidation value of the case, and it may have repercussions under 11 U.S.C. § 1129 (a) (3) and 11 U.S.C. § 1141.

We hereby clarify that the property does not belongs to the bankruptcy estate. Title and possession are held by IAN DEL LLANO and TANIA DEL LLANO by virtue of a Judgment entered in case DPE2007-1532. Therefore< the property may not be dealt with under the plan.

On December 14th, 2010 Debtor filed a Disclosure Statement and a Reorganization Plan. This Honorable Court conditionally approved the Disclosure Statement subject to a combined hearing on the adequacy of the Disclosure Statement and the Confirmation of the Reorganization Plan scheduled for January 19th, 2011.

The appearing creditor hereby raises these limited objections to the adequacy of the information contained in the Disclosure Statement and to the Confirmation of the Plan, primarily because they fail to disclose creditors the fact that the property located at Urb. San Francisco does not belong to the bankruptcy estate. Without said clarification, the Disclosure Statement describes a plan which may not be confirmed. Other objections are hereby raised and treated separately.

## APPLICABLE LAW

1.　　Section 1125 of the Bankruptcy Code deals with the requirements of information disclosure to parties in interest affected by a reorganization plan. It provides on its pertinent part that:

> *"adequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed Judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information"…*(Our Omissions)

2. Section 1125 (f) allows the court to conditionally approve a disclosure statement subject to final approval after notice and a hearing. A written Disclosure Statement must contain **adequate information** in order to be finally approved by the court after notice and hearing.

3. The definition of "adequate information" in section 1125 (a) (1) includes information reasonably detailed as far as is practicable. The term "adequate information" varies from case to case, and it's ultimately a determination to be made by the Bankruptcy Court. "*The above cited section of law gives the Bankruptcy Court considerable discretion in determining whether a disclosure statement provides "adequate information"* and this determination is made on a case-by case basis. *In re Lisanti Foods, Inc.* 329 B.R. 491(Bankr. D. N.J. 2005).

4. As minimum, a Disclosure Statement must contain accurate information as may reasonably be furnish form debtor's books and records. See *In re Werth,* 13 B.R. 926 (Bankr. D. Colo. 1981). The purpose of the Disclosure Statement is to provide "adequate information" to creditors to enable them to decide whether to accept o reject the plan. *In re Ferretti* 128 BR 16 (Bankr. D. N. H. 1991).

**THE FACTS**

5. A final Judgment was entered in state court case DPE2007-1532, by virtue of which, the subject property was convened to the appearing creditors since the year 2008.

6. By virtue of the same Judgment, Debtor was required to satisfy any lien over the property, nevertheless, the appearing creditors acknowledges that this remaining unsatisfied portion

of the Judgment constitutes a personal liability of Debtor to be treated under the reorganization plan, and that the property will continue to be encumbered by the unsatisfied liens.

7.  Debtor's Disclosure Statement appears to claim an interest over the property and addressed the issue of title over the property in an ambiguous manner, the document merely states that: …*"Debtor and Super Pet Center, Inc., have been unable to transfer the same to the heirs."* (See page 5 of the Disclosure Statement).

8.  Debtor's Disclosure Statement describes a Reorganization Plan which provides that: *"The Debtor is currently trying to reach an agreement with the heirs in order to transfer the property with the lien to them. In the event an agreement can not be reached the property will be surrendered to BSPR for foreclosure."* As to the treatment to CRIM over the subject property, the plan establishes *"This claim will follow the real estate property to be surrendered."* (See page 5 of Debtor's Reorganization Plan).

9.  In disregard to a final Judgment, Debtor insists on the need for a stipulation in order to transfer title over the subject property; furthermore, Debtor has requested to the appearing creditors the release of liability of third parties as a condition to clarify the issue. Under said conditions it is clear that a stipulation will not be reached.

## OBJECTION TO DISCLOSURE STATEMENT

10. Federal Rule of Bankruptcy Proceeding 3017.1 governs the aspects of the court's consideration of a Chapter 11 Disclosure Statement in a Small Business Case. Any objection to the final approval of the Disclosure Statement shall be filed and served to all parties in interest within

the time fixed by the court. In accordance to cited Rule 3017.1, the appearing creditors hereby objects to the adequacy of the Disclosure Statement and to the Confirmation of the Plan filed on the following grounds:

(i) Debtor's Disclosure Statement fails to disclose the fact that the subject property does not belongs to the bankruptcy estate. The provided information fails to comply with 11 U.S.C. § 1125 (a) (1); this action impairs creditors' rights to make an informed judgment about the proposed reorganization affects liquidation value, distribution and property to be dealt under the plan.

(ii) The Disclosure Statement describes a plan which deals with property not belonging to the bankruptcy estate, in disregard to 11 U.S.C. § 1129 (3).

(iii) The Disclosure Statement describes a plan with incongruences as to the treatment to unsecured creditors. It is not clear whether the plan will pay 100% or 5%. (See pages 1 and 6 of the plan, hereinafter discussed).

(iv) The Disclosure Statement describes a plan with a provision for discharge upon effective date of the plan, which is not allowed for an individual Debtor. 11 U.S.C. § 1141 (d) (5).

11. Lack of adequate information is sufficient cause for this Honorable Court not to approve the Disclosure Statement, also this Honorable Courts may refuse to approve a Disclosure Statement that describes a plan that can not be confirmed. See *In re Bjolmes Realty Trust,* 134 B.R. 1000, 1002 (Bankr.D.Mass.1991);

12. Debtor does not need to enter into a stipulation for the transfer of the subject property; the subject property by virtue of a final Judgment was transferred to the appearing creditors. **In arguendo**, even if Debtor achieves a Judgment avoiding the transfer of the property, *any possible interest of Debtor in the property* **will still be subject to a decedent's estate.** Therefore, Debtor does not own the property and may not deal with it under the plan.

13. Debtor has proposed for the event that, if an agreement is not reached, then the property will be surrender to BSPR for its foreclosure. Debtor may not surrender to BSPR any interest over the property, because it does not own any, and even if this Honorable Court considers otherwise, any participation as co-owner is subject to a hereditary estate, involving third parties.

14. Debtor's Liquidation Value does not account for the property as an asset of the estate, but in contradiction, the plan tries to deal with the property.

15. Debtor may not obtain a discharge on the effective day of the Plan in disregard to section 11 U.S.C. § 1141 (d) (5).

16. Debtor's Disclosure Statement describes a plan that fails to comply with the provisions of the bankruptcy code in contravention to section 11 U.S.C. § 1129 (a) (2).

17. Out of an abundance of caution, TANIA DEL LLANO and IAN DEL LLANO file this limited objection, since there are potential uncertainties causes by Debtor which may prevent creditors to make an informed decision.

# REORGANIZATION PLAN

18. Federal Rule of Bankruptcy Proceeding 3020 governs the aspects of the court's consideration of a Chapter 11 Reorganization Plan. Any objection to the Reorganization Plan shall be filed and served to all parties in interest. In accordance to cited Rule 3022, the appearing creditors herby objects to the adequacy of the Confirmation of the Plan filed on the following grounds:

(i) The plan contains contradictory terms as to the proposed treatment for unsecured creditors. See the second paragraph of page 1 which states: *"Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately up to 100 cents on the dollar."* This proposition is in contradiction with page 6 of the Plan, Class 4- General Unsecured Creditors, where the representation is: *"The Debtor proposes paying 5% in 60 months."* This contradiction represents an inaccuracy of 95% of the treatment to be provided to unsecured creditors.

(ii) The plan shall not be confirmed for lack of feasibility under 11 U.S.C. § 1129 (a) (11). Debtor is an individual, as such, pending an objection of an unsecured creditor the feasibility of the Plan must be construed under 11 U.S.C. § 1129 (a) (15) which states on its pertinent part that:

*"In case in which debtor is an individual and in which the holder of an allowed unsecured claim objects to the confirmation of the plan-*
*(A)...*
*(B) the value of the property to be distributed under the plan is not less than the projected disposable income of debtor (as defined in section 1325 (b) (2) to be received during the next 5- year period beginning on the date that the*

> *first payment is due under the plan, or during the period for which the plan provides payment whichever is longer."*

If the treatment to be provided is the one contained in page 6, then Debtor proposal is to pay 5% in 60 months. This figure may not be rely upon since, Debtor disposable income as per recognized on her sworn schedules are $54.90. If multiplied by 60, the aggregate amount is $3,270.00.

As of the date of this objection the claims registry accounts $1,155,767.71 as unsecured claims, therefore, the plan is not feasible to pay 5%.

(iii) The Reorganization Plan describes a plan which deals with property not belonging to the bankruptcy estate, in disregard to 11 U.S.C. § 1129 (3).

(iv) The Reorganization Plan describes a plan with a provision for discharge upon effective date of the plan, which is not allowed for an individual Debtor as per 11 U.S.C. § 1141 (d) (5).

19. A chapter 11 plan must comply not only with the provisions of chapter 11, but may not be contrary to other provisions in title 11. See *In Re Lowenschuss*, 67 F.3d 1394 (9th Cir. 1995)

20. The term good faith, as used in section 1129, means that there exist "a reasonable likelihood that the plan will achieve a result consistent with the objective and purposes of the Bankruptcy Code. The plan must be viewed in light of the totality of circumstances. See *In re Madison Hotels Assocs.*, 749 F.2d 410,415 (7th Cir. 1984), *Noreen v. Slattengren*, 974 F.2d 75,76 (8th Cir. 1992); *Handeen v. LeMarie (In re LeMarie)*, 898 F.2d 1346, 1349 (8th Cir. 1990)].

## RESERVATION OF RIGHTS

TANIA DEL LLANO and IAN DEL LLANO reserve the right (a) to amend, supplement, or otherwise modify this limited objection; and (b) to raise such other and further objections up to the allowed period.

WHEREFORE, PREMISES CONSIDERED, the appearing creditors respectfully request that this Honorable Court enter an order: (i) sustaining this limited objection; (ii) preserving all of the appearing creditors' rights over the subject property; (iii) directing Debtor amend the Disclosure Statement and Reorganization Plan according to the aforesaid and the applicable law, (iv) granting the appearing creditors such other and further relief to which they may show themselves to be justly entitled.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the present motion was filed electronically with the Clerk of the Court using CM/ECF systems which will send notifications of such to the US Trustee, and all participants of CM/ECF System; to debtor's attorneys, LUISA VALLE CASTRO and CARMEN D CONDE TORRES 254 SAN JOSE STREET 5TH FLOOR SAN JUAN, PR 00901-1523, and to all parties in interest as per the attached master address list.

In San Juan, Puerto Rico, on the 7th day of January, 2011.

W&B LAW OFFICES, P.S.C.
American Airlines Building
1509 Lopez Landron, 10th Floor
San Juan, PR  00911
Tel. 787-607-4041
*/s/Carlos R. Hernandez-Vivoni*
Carlos R. Hernandez-Vivoni, Esq.
USDC PR 221609
E-Mail: chernandez@wblawpr.com