## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | **CASE NO. 10-08174 (SEK)** |
| **AIDA ORTIZ ORTIZ** | |
| Debtor | **CHAPTER 11** |

## AIDA ORTIZ ORTIZ' AMENDED DISCLOSURE STATEMENT
## DATED FEBRUARY 7, 2011

### ARTICLE I
### INTRODUCTION

This is the amended disclosure statement (the " Amended Disclosure Statement") in the small business Chapter 11 case of Aida Ortiz Ortiz., hereinafter the Debtor.   This Amended Disclosure Statement contains information about the Debtor and describes the Amended Plan of Reorganization (the " Amended Plan") filed by the Debtor on this same date. A full copy of the Plan is attached to this Amended Disclosure Statement as **Exhibit 1.**

*Your rights may be affected. You should read the Amended Plan and this Amended Disclosure Statement carefully and discuss them with your attorney. If you do not have an attorney, you may wish to consult one.*

The proposed distributions under the Amended Plan are discussed at pages 7-12 of this Amended Disclosure Statement. General unsecured creditors are classified in Class 4, and will receive a distribution of 5% of their allowed claims in a period of 84 months.

As of the date of this Amended Disclosure Statement the deadline to file proofs of claims has not expired.  This document has been prepared with the amounts listed in the Debtor's Schedules and the filed claims.  In the event additional claims are filed, the Debtor will amend the plan of reorganization accordingly. The deadline for filing a proof of claim in this case is January 11, 2011

*Aida Ortiz Ortiz*
*Case no. 10-08154 (SEK) / Page 2*

and for Governmental entities is March 8, 2011.

### Section 1.01   Purpose of This Document

This Amended Disclosure Statement describes:

The Debtor and significant events during the bankruptcy case:

- How the Plan proposes to treat claims or equity interests of the type you hold (*i.e.*, what you will receive on your claim or equity interest if the plan is confirmed),

- Who can vote on or object to the Plan,

- What factors the Bankruptcy Court (the "Court") will consider when deciding whether to confirm the Plan,

- Why the Debtor believes the Plan is feasible, and how the treatment of your claim or equity interest under the Plan compares to what you would receive on your claim or equity interest in liquidation, and

- The effect of confirmation of the Plan.

Be sure to read the Amended Plan as well as the Amended Disclosure Statement. This Amended Disclosure Statement describes the Amended Plan, but it is the Amended Plan itself that will, if confirmed, establish your rights.

### Section 1.02   Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing

The Court has not yet confirmed the plan described in this Amended Disclosure Statement. This section describes the procedures pursuant to which the Plan will or will not be confirmed.

*(a)   Time and Place of the Hearing to Finally Approve This Disclosure Statement and Confirm the Plan:*

The hearing where the Court will determine whether to approve the Disclosure Statement and

*Aida Ortiz Ortiz*
*Case no. 10-08154 (SEK) / Page 3*

confirm the Plan will take place in the U.S. Bankruptcy Court for the District of Puerto Rico, 300

Recinto Sur Street, Old San Juan, PR 00901 The same is scheduled for March 8, 2011 at 11:30 am.

(b)  *Deadline For Voting to Accept or Reject the Plan:*

If you are entitled to vote to accept or reject the plan, vote on the ballot you will receive and

you must return it to Conde and Associates, 254 San Jose Street, 5th Floor, San Juan, 00901.  *See*

section VIII. 8.01. below for a discussion of voting eligibility requirements.

You will be notified of the date must the ballot be received or it will not be counted.

(c)  *Deadline for Objecting to the [Adequacy of Disclosure and] Confirmation of the Plan*

Objections to this Amended Disclosure Statement or to the confirmation of the Amended

Plan must be filed with the Court and served upon the Debtor by the date given by the Court of

which you will be notified.

(d)  *Identity of Person to Contact for More Information*

If you want additional information about the Plan, you should contact Carmen D. Conde, Esq.

from  Conde and Associates, 254 San Jose Street, 5th Floor, San Juan, PR 00901.

**Section 1.03  Disclaimer**

Creditors are advised that the financial information contained in this Amended Disclosure

Statement has not been the object of an audit and is not certified by independent public accountants,

except where expressly stated otherwise.  The Debtor does not warrant or represent that the

information contained herein is without inaccuracy not withstanding its efforts to disclose  all

matters with careful attention to accuracy and completeness.

Any representation concerning the Debtor, and/or any other statement relative to it, different

from, or not included in this Amended Disclosure Statement, is not authorized by the Debtor. Any

*Aida Ortiz Ortiz*
*Case no. 10-08154 (SEK) / Page 4*

representation or inducement not contained in this Amended Disclosure Statement, which might be

made to secure acceptance of the Amended Plan, should not be relied upon by a creditor in deciding

how to vote on the Plan.

The Court's approval of this Amended Disclosure Statement is subject to the hearing on the

Confirmation of the Plan.

**ARTICLE II**
**BACKGROUND**

**Section 2.01  Description and History of the Debtor's Business**

Mrs. Ortiz was married to Mr. Raul Del Llano for over thirty years.  With him she had two

daughter, Tamiky and Paloma. She became part of Super Pet Center, Inc., a corporation created by

Mr. Del Llano since 1973 and worked hand in hand with him to develop this business. In 1999, as

result of Mr. Del Llano's health issues and later retirement, that she became the President of Super

Pets Center, Inc. She formally begins to generate an income as Administrator when Mr. Del Llano

health worsened and later passes away.

**Section 2.02  Insiders of the Debtor**

The insiders of the Debtor are her daughters, Tamiky Del Llano, Paloma Del Llano and Super

Pet Center, Inc.

**Section 2.03  Management of the Debtor Before and During the Bankruptcy**

Ms. Del Llano has been managing her affairs prior to the filing of the bankruptcy petition and

has continued after the petition was filed.

**Section 2.04  Events Leading to Chapter 11 Filing**

Before the passing of Mr. Del Llano,  Mrs. Ortiz becomes co-signor and co-debtor in all the

*Aida Ortiz Ortiz*
*Case no. 10-08154 (SEK) / Page 5*

liabilities incurred by Super Pet Center Inc, including but not limited to the secured creditor of the corporation and the landlords where the stores were located. After Mr. Del Llano's, passing in 2004 and during late 2004, litigation began with Mr. Del Llano's heirs from a previous marriage which led to extensive legal and professional expenses. The only dispute pending was the execution of the transfer deed to the heirs of the real estate property located at Urb. San Francisco, which is in the name of the Debtor pursuant to the terms and conditions of a judgement entered in the state court case on August 7, 2008. Pursuant to the judgement the property has to be transferred free and clear of liens. Nevertheless, this property serves as collateral to a loan entered by Super Center, Inc. with Banco Santander de Puerto Rico, which is currently in default. Therefore, the Debtor and Super Pet Center, Inc., have been unable to execute the transfer deed to the heirs.

In addition, sales for Super Pet Center, Inc. decreased as result of a shift in the consumers interest in other hobbies. This decrease in sales led to a cash flow crisis that made the corporation default with its main creditors, including the landlords. Even though the corporation tried to cure these defaults, it was unable to do so. It was therefore sued by several of its creditors and Ms. Ortiz was included as a co-defendant, due to her personal guarantee. Nevertheless, due to the responsibility as a co-signor and co-debtor in the various liabilities, Mrs. Ortiz decided to file for relief pursuant to the provisions of Chapter 11 of the Bankruptcy Code.

**Section 2.05  Significant Events During the Bankruptcy Cases**

(a)  *Schedules, Statement of Financial Affairs and Creditors' Meeting:*

On September 3,2010, the Debtor filed its Schedules and Statement of Financial Affairs. (Dkt 1). Debtor submitted an amended schedules, statement of financial affairs and list of the twenty (20) largest creditors on November 2, 2010 (Dkt. 30)

*Aida Ortiz Ortiz*
*Case no. 10-08154 (SEK) / Page 6*

The meeting of creditors was held and closed on October 13, 2010 (minutes are found at Dkt. 19). The status conference hearing was held on October 26, 2010. (Dkts.23 and 35)

(b) *Employment of Professionals*

On October 8, 2010, the Debtor submitted its application to employ attorney Carmen D. Conde Torres and the firm of Conde & Assoc. as attorney for Debtor (Dkt.14). This Court approved the employment of Debtor's attorney on October 29, 2010 (Dkt 25).

(c) *Settlement with the Del Llano Heirs*

The Debtor has reached an agreement with the Del Llano heirs regarding the transfer and title of the San Francisco property and the treatment of the claims filed by the Del Llano heirs. The same has been filed on this same date. Pursuant to said settlement agreement, the San Francisco property has been excluded from the bankruptcy estate and all liens and encumbrances will follow the property. **Exhibit 7**

## Section 2.06   Projected Recovery of Avoidable Transfers

The Debtor has not yet completed its investigation with regard to pre-petition transactions. If you received a payment or other transfer within 90 days of the bankruptcy, or other transfer avoidable under the Code, the Debtor may seek to avoid such transfer.

## Section 2.07   Claims Objections

Except to the extent that a claim is already allowed pursuant to a final non-appealable order, the Debtor reserves the right to object to claims. Therefore, even if your claim is allowed for voting purposes, you may not be entitled to a distribution if an objection to your claim is later upheld. The procedures for resolving disputed claims are set forth in Article V of the Plan.

## Section 2.08   Current and Historical Financial Conditions

*Aida Ortiz Ortiz*
*Case no. 10-08154 (SEK) / Page 7*

The identity and fair market value of the estate's assets are listed in **Exhibit 2**.

The Debtor's most recent tax returns issued before bankruptcy, each of which was filed with the Court, are set forth in **Exhibit 3**.

The most recent post-petition operating report filed since the commencement of the Debtor's bankruptcy case are set forth in **Exhibit 4**.

**ARTICLE III**
**SUMMARY OF THE PLAN OF REORGANIZATION AND TREATMENT OF CLAIMS AND EQUITY INTERESTS**

**Section  3.01   What is the Purpose of the Plan of Reorganization?**

As required by the Code, the Plan places claims and equity interests in various classes and describes the treatment each class will receive. The Plan also states whether each class of claims or equity interests is impaired or unimpaired. If the Plan is confirmed, your recovery will be limited to the amount provided by the Plan.

**Section  3.02   Classification of Claims and Treatment of Classes**

The following are the classes set forth in the Plan, and the proposed treatment that they will receive under the Plan:

(a)   *CLASS 1 – ADMINISTRATIVE EXPENSES*

Administrative expenses are costs or expenses of administering the Debtor's chapter 11 case which are allowed under 507(a)(2) of the Code. The Code requires that all administrative expenses be paid on the effective date of the Plan, unless a particular claimant agrees to a different treatment.

The following chart lists the Debtor's estimated administrative expenses and their proposed treatment under the Plan:

*Aida Ortiz Ortiz*
*Case no. 10-08154 (SEK) / Page 8*

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Expenses Arising in the Ordinary Course of Business After the Petition Date | | Any expenses will be paid in full on or before the effective date of the Plan. |
| The Value of Goods Received in the Ordinary Course of Business Within 20 Days Before the Petition Date | | Not Applicable. |
| Professional Fees, as approved by the Court | $15,000.00 (estimated) | Paid in full upon the approval of the Court |
| Clerk's Office Fees | | Not Applicable. |
| Other administrative expenses | None at this moment | Any other expense will be paid in full on the effective date of the Plan or according to separate written agreement |
| Office of the U.S. Trustee Fees | No Quarterly Fees are outstanding at this time | Any outstanding Quarterly Fees will be paid in full on the effective date of the Plan |
| | | |
| **TOTAL** | $15,000.00 | |

This class will be paid in full on effective date or as agreed between the parties. This class is not impaired

(b) <u>*CLASS 2  SECURED CLAIMS*</u>

Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under § 506 of the Code. If the value of the collateral or set-offs securing the creditor's claim is less than the amount of the creditor's allowed claim, the deficiency will be classified as a general unsecured claim.

The following chart lists all classes containing Debtor's secured pre-petition claims and their

*Aida Ortiz Ortiz*
*Case no. 10-08154 (SEK) / Page 9*

proposed treatment under the Plan:

| CLASS # 2 | DESCRIPTION | INSIDER? | IMPAIRMENT | TREATMENT |
|---|---|---|---|---|
| *Class 2a* | *Secured claim of:*<br>**Firstbank**<br>Collateral description: real estate consisting of Lot of land and residence located at Estancia de Cerro Gordo, 57 Plaza Valeri, Vega Alta, PR<br>Allowed Secured Amount: $245,156.56 | NO | Not Impaired | Payment pursuant to its original terms and conditions. |
| Class 2b | Banco Santander de Puerto Rico<br>Collateral description: Residence located at Calle Diamela #1686, Urb. San Francisco, San Juan, PR<br><br>Allowed amount of claim: 176,984.57 | NO | Impaired | The Debtor has reached an agreement with the heirs, whereby the property that serves as collateral to this claim has been excluded from the estate. Therefore, the lien and this claim will follow the property. In the alternative, the Debtor consents to the lift of stay in favor of BSPR and any amounts owed, if any, will be considered an unsecured claim under Class 4. |
| Class 2c | Cooperativa de Ahorro y CréditoVega Alta (VEGACOOP)<br><br>Collateral: Shares and savings<br><br>Allowed amount of claim: $26,375.77 | NO | Impaired | The Debtor will surrender the collateral and the remaining value of the claim will be paid as an unsecured claim. |

*Aida Ortiz Ortiz*
*Case no. 10-08154 (SEK) / Page 10*

| Class 2d | CRIM (San Francisco)<br>Collateral:  Residence located at Calle Diamela #1686, Urb. San Francisco, San Juan, PR<br><br>Allowed amount of claim: $2,418.93 | NO | Impaired | The Debtor has reached an agreement with the heirs, whereby the property that serves as collateral to this claim has been excluded from the estate. Therefore, the lien and this claim will follow the property. In the alternative, the Debtor consents to the lift of stay in favor of CRIM and any amounts owed, if any, will be considered an unsecured claim under Class 4. |
| --- | --- | --- | --- | --- |
| Class 2e | CRIM (Vega Alta)<br><br>Collateral: Lot of land and residence located at Estancia de Cerro Gordo, 57 Plaza Valeri, Vega Alta, PR<br><br>Allowed amount: $3,909.58 | NO | Impaired | Monthly payment: $128.15<br><br>Months: 36<br><br>Interest: 6% |

*Aida Ortiz Ortiz*
*Case no. 10-08154 (SEK) / Page 11*

| Class 2f | Scotiabank<br><br>Collateral: 2010 Toyota Highlander<br><br>Allowed amount: $26,777.01 | NO | Not impaired | This claim will be paid pursuant to the original terms and conditions of the loan.  Payment will be made directly by Super Pet Center, Inc as an employee benefit. |
|---|---|---|---|---|

(c)   *CLASS 3 - Priority Unsecured Claims*

Certain priority claims that are referred to in §§ 507(a)(1), (4), (5), (6), and (7) of the Code are required to be placed in classes. The Code requires that each holder of such a claim receive cash on the effective date of the Plan equal to the allowed amount of such claim. However, a class of holders of such claims may vote to accept different treatment.

There are no claims that are referred to section 507(a)(1),  (5), (6), and (7) of the Code.  The following chart lists the class containing claims under § 507(a) (4) of the Code and their proposed treatment under the Plan:

| CLASS #3 | DESCRIPTION | IMPAIRMENT | TREATMENT |
|---|---|---|---|
|  | Priority unsecured claim pursuant to Section 507(a) (4)<br>Total allowed amount of claims: $0 | Not Applicable | Not applicable |

*Aida Ortiz Ortiz*
*Case no. 10-08154 (SEK) / Page 12*

(d)   CLASS 4 – GENERAL UNSECURED CLAIMS

General unsecured claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code.

The following chart identifies the Plan's proposed treatment of Class 4, which contain general unsecured claims against the Debtor:

| CLASS #4 | DESCRIPTION | IMPAIRMENT | TREATMENT |
|---|---|---|---|
|  | General Unsecured Class Total allowed amount of claims: $1,178,765.51 | Impaired | Monthly Pmt= various Pmts End= 60 months Estimated percent of claim paid= 5% |

The Debtor proposes paying 5% of these claims over the course of five years from the effective date of the Plan from Debtor's operation.  Please see **Exhibit 5** payment chart for this class. This class includes all other unsecured creditors listed by the Debtor or those with an allowed proof of claims.  Claims to be paid under this class are estimated in the amount of approximately $877,417.30. The total allowed claims are in the amount of $1,178,765.51.  Nevertheless, the Debtor is excluding payment of the unsecured claim #8 filed by Oriental Bank.  This claim will be paid in full in the case of Super Pet Center, Inc. Debtor is a guarantor of this claim and not the main debtor.

**Section 3.03  Unclassified Claims**

Certain types of claims are automatically entitled to specific treatment under the Code. They are not considered impaired, and holders of such claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code. As such, the Plan Proponent has *not* placed the following claims in any class:

*Aida Ortiz Ortiz*
*Case no. 10-08154 (SEK) / Page 13*

### (a) PRIORITY TAX CLAIMS

Priority tax claims are those taxes described by § 507(a)(8) of the Code. Unless the holder of such a § 507(a)(8) priority tax claim agrees otherwise, it must receive the present value of such claim, in regular installments paid over a period not exceeding 5 years from the order of relief.

The following chart lists the Debtor's estimated § 507(a)(8) priority tax claims and their proposed treatment under the Plan:

| DESCRIPTION | ESTIMATED AMOUNT OWED | TREATMENT |
|---|---|---|
| Department of Treasury | $3,014.92 | Pmt interval= monthly<br>Payment= $65.32<br>End Date= 60months<br>Total Payout Amount=$3919.40 |
| TOTAL ALLOWED: | $3,014.92 | |

The above chart lists the Debtor's estimated § 507(a)(8) priority tax claims and their proposed treatment under the Plan: *See* **Exhibit 5**, Payment Plan.

## ARTICLE IV
## MEANS OF IMPLEMENTING THE PLAN

### Section 4.01  Source of Payments

Payments and distributions under the Plan will be funded by the income of the Debtor received from the salary received from Super Pet Center, Inc.

## ARTICLE V
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The Plan, in Section 6.01, lists all executory contracts and unexpired leases that the Debtor will assume under the Plan. Assumption means that the Debtor has elected to continue to perform the obligations under such contracts and unexpired leases, and to cure defaults of the type that must be

*Aida Ortiz Ortiz*
*Case no. 10-08154 (SEK) / Page 14*

cured under the Code, if any. Section 6.01 also lists how the Debtor will cure and compensate the other party to such contract or lease for any such defaults.

If you object to the assumption of your unexpired lease or executory contract, the proposed cure of any defaults, or the adequacy of assurance of performance, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan, unless the Court has set an earlier time.

All executory contracts and unexpired leases that are not listed in Section 6.01 will be rejected under the Plan. Consult your adviser or attorney for more specific information about particular contracts or leases.

If you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.

*The Deadline for Filing a Proof of Claim Based on a Claim Arising from the Rejection of a Lease or Contract is no later than thirty (30) days after the Confirmation Order.* Any claim based on the rejection of a contract or lease will be barred if the proof of claim is not timely filed, unless the Court orders otherwise.

## ARTICLE VII
## TAX CONSEQUENCES OF PLAN

Creditors and Equity Interest Holders Concerned with *How the Plan May Affect Their Tax Liability* Should Consult with Their Own Accountants, Attorneys, And/Or Advisors.

## ARTICLE VIII
## CONFIRMATION REQUIREMENTS AND PROCEDURES

To be confirmable, the Plan must meet the requirements listed in §§ 1129(a) or (b) of the Code. These include the requirements that: the Plan must be proposed in good faith; at least one

*Aida Ortiz Ortiz*
*Case no. 10-08154 (SEK) / Page 15*

impaired class of claims must accept the plan, without counting votes of insiders; the Plan must distribute to each creditor and equity interest holder at least as much as the creditor or equity interest holder would receive in a chapter 7 liquidation case, unless the creditor or equity interest holder votes to accept the Plan; and the Plan must be feasible. These requirements are <u>not</u> the only requirements listed in § 1129, and they are not the only requirements for confirmation.

### Section 8.01   Who May Vote or Object

Any party in interest may object to the confirmation of the Plan if the party believes that the requirements for confirmation are not met.

Many parties in interest, however, are not entitled to vote to accept or reject the Plan. A creditor or equity interest holder has a right to vote for or against the Plan only if that creditor or equity interest holder has a claim or equity interest that is both (1) allowed or allowed for voting purposes and (2) impaired.

In this case, the Plan Proponent believes that classes are impaired and that holders of claims in each of these classes are therefore entitled to vote to accept or reject the Plan. The Plan Proponent believes that classes are unimpaired and that holders of claims in each of these classes, therefore, do not have the right to vote to accept or reject the Plan.

### (a)   *What Is an Allowed Claim or an Allowed Equity Interest?*

Only a creditor or equity interest holder with an allowed claim or an allowed equity interest has the right to vote on the Plan. Generally, a claim or equity interest is allowed if either (1) the Debtor has scheduled the claim on the Debtor's schedules, unless the claim has been scheduled as disputed, contingent, or unliquidated, or (2) the creditor has filed a proof of claim or equity interest, unless an objection has been filed to such proof of claim or equity interest. When a claim or equity

*Aida Ortiz Ortiz*
*Case no. 10-08154 (SEK) / Page 16*

interest is not allowed, the creditor or equity interest holder holding the claim or equity interest cannot

vote unless the Court, after notice and hearing, either overrules the objection or allows the claim or

equity interest for voting purposes pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy

Procedure.

The deadline for filing a proof of claim in this case is January 11, 2011 and for Governmental

entities is March 8, 2011.

*(b)   What Is an Impaired Claim or Impaired Equity Interest?*

As noted above, the holder of an allowed claim or equity interest has the right to vote only if

it is in a class that is *impaired* under the Plan. As provided in § 1124 of the Code, a class is considered

impaired if the Plan alters the legal, equitable, or contractual rights of the members of that class.

*(c)   Who is Not Entitled to Vote*

The holders of the following five types of claims and equity interests are *not* entitled to vote:

- holders of claims and equity interests that have been disallowed by an order of the Court;

- holders of other claims or equity interests that are not "allowed claims" or "allowed equity interests" (as discussed above), unless they have been "allowed" for voting purposes.

- holders of claims or equity interests in unimpaired classes;

- holders of claims entitled to priority pursuant to § 507(a)(2), (a)(3), and (a)(8) of the Code; and

- holders of claims or equity interests in classes that do not receive or retain any value under the Plan;

*Aida Ortiz Ortiz*
*Case no. 10-08154 (SEK) / Page 17*

- administrative expenses

Even If You Are Not Entitled to Vote on the Plan, You Have a Right to Object to the Confirmation of the Plan [and to the Adequacy of the Disclosure Statement].

 (d)  *Who Can Vote in More Than One Class*

A creditor whose claim has been allowed in part as a secured claim and in part as an unsecured claim, or who otherwise hold claims in multiple classes, is entitled to accept or reject a Plan in each capacity, and should cast one ballot for each claim.

**Section 8.02  Votes Necessary to Confirm the Plan**

If impaired classes exist, the Court cannot confirm the Plan unless (1) at least one impaired class of creditors has accepted the Plan without counting the votes of any insiders within that class, and (2) all impaired classes have voted to accept the Plan, unless the Plan is eligible to be confirmed by "cram down" on non-accepting classes, as discussed later in Section 4.02(b).

 (a)  *Votes Necessary for a Class to Accept the Plan*

A class of claims accepts the Plan if both of the following occur: (1) the holders of more than one-half (1/2) of the allowed claims in the class, who vote, cast their votes to accept the Plan, and (2) the holders of at least two-thirds (2/3) in dollar amount of the allowed claims in the class, who vote, cast their votes to accept the Plan.

A class of equity interests accepts the Plan if the holders of at least two-thirds (2/3) in amount of the allowed equity interests in the class, who vote, cast their votes to accept the Plan.

 (b)  *Treatment of Non accepting Classes*

Even if one or more impaired classes reject the Plan, the Court may nonetheless confirm the Plan if the non accepting classes are treated in the manner prescribed by 1129(b) of the Code. A plan

*Aida Ortiz Ortiz*
*Case no. 10-08154 (SEK) / Page 18*

that binds non accepting classes is commonly referred to as a "cram down" plan. The Code allows the Plan to bind non accepting classes of claims or equity interests if it meets all the requirements for consensual confirmation except the voting requirements of § 1129(a)(8) of the Code, does not "discriminate unfairly" and is "fair and equitable" toward each impaired class that has not voted to accept the Plan.

**You should consult your own attorney if a "cramdown"** confirmation will affect your claim or equity interest, as the variations on this general rule are numerous and complex.

### Section 8.03  Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to this Disclosure Statement as **Exhibit 7**.

### Section 8.04  Feasibility

The Court must find that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor, unless such liquidation or reorganization is proposed in the Plan.

(a)  *Ability to Initially Fund Plan*

The Plan Proponent believes that the Debtor will have enough cash on hand on the effective date of the Plan to pay all the claims and expenses that are entitled to be paid on that date. The Effective date of the Plan is thirty (30) days after the confirmation order is a final order.

(b)  *Ability to Make Future Plan Payments and Operate Without Further Reorganization*

*Aida Ortiz Ortiz*
*Case no. 10-08154 (SEK) / Page 19*

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments.

The final Plan payment is expected to be paid within eighty four (84) months from effective date.

You Should Consult with Your Accountant or other Financial Advisor If You Have Any Questions Pertaining to These Projections.

## ARTICLE IX
## EFFECT OF CONFIRMATION OF PLAN

### Section 9.01  DISCHARGE OF DEBTOR

On the effective date of the Plan, the Debtor shall be discharged from any debt that arose before confirmation of the Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor shall not be discharged of any debt (i) imposed by the Plan, (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure, or (iii) of a kind specified in § 1141(d)(6)(B). After the effective date of the Plan your claims against the Debtor will be limited to the debts described in clauses (i) through (iii) of the preceding sentence.

### Section 9.02  Modification of Plan

The Plan Proponent may modify the Plan at any time before confirmation of the Plan. However, the Court may require a new disclosure statement and/or new voting on the Plan.

The Plan Proponent may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated *and* (2) the Court authorizes the proposed modifications after notice and a hearing.

*Aida Ortiz Ortiz*
*Case no. 10-08154 (SEK) / Page 20*

**Section 9.03   Final Decree**

Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules

of Bankruptcy Procedure, the Plan Proponent, or such other party as the Court shall designate in the

Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case.

Alternatively, the Court may enter such a final decree on its own motion.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, this 7th day of February, 2011.

S/Aida Ortiz Ortiz
Aida Ortiz Ortiz

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk
of the Court using the CM/ECF System, which will send notification of such filing to the parties
appearing in said system including the US Trustee and the creditors' committee and by United States
Postal Service to all those parties who has requested a copy and are not within the electronic service.

**C. CONDE & ASSOC.**
Attorney for Debtor
San Jose Street #254, 5th Floor
San Juan, PR 00901-1253
Tel: (787) 729-2900
Fax: (787) 729-2203
Email: condecarmen@microjuris.com
S/Luisa S. Valle Castro
Luisa S. Valle Castro
USDC No.: 215611

1

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>**AIDA ORTIZ ORTIZ**<br><br>Debtor | CASE NO. 10-08174 (SEK)<br><br><br>CHAPTER 11 |

### *AIDA ORTIZ ORTIZ'*
### *AMENDED PLAN OF REORGANIZATION*
### *DATED FEBRUARY 7, 2010.*

### ARTICLE I
### SUMMARY

This Amended Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code

(the "Code") proposes to pay creditors of Aida Ortiz Ortiz (the "Debtor") from the income derived

from her salary as President of Super Pet Center, Inc..

This Plan provides for one (1) class of secured claims divided into six (6) sub-classes; one

(1) class of unsecured priority claims and one (1) class of unsecured claims. Unsecured creditors

holding allowed claims will receive distributions, which the proponent of this Plan has valued at

approximately up to 5 cents on the dollar. This Plan also provides for the payment of administrative

and priority claims.

As of the date of this Plan of Reorganization, the deadline to file proofs of claims has not

expired.  This document has been prepared with the amounts listed in the Debtor's Schedules and

the filed claims.  In the event additional claims are filed, the Debtor will amend the plan of

reorganization accordingly. The deadline for filing a proof of claim in this case is January 11, 2011

and for Governmental entities is March 8, 2011.

All creditors and equity security holders should refer to Articles III through VI of this Plan

for information regarding the precise treatment of their claim. A disclosure statement that provides

*Plan of Reorganization*
*Page 2*

more detailed information regarding this Plan and the rights of creditors and equity security holders

has been circulated with this Plan.

**Your rights may be affected. You should read these papers carefully and discuss them**

**with your attorney, if you have one. (If you do not have an attorney, you may wish to consult**

**one.)**

## ARTICLE  II
## CLASSIFICATION OF CLAIMS AND INTERESTS

**Section 2.01**   CLASS 1.  Administrative Expenses. Administrative expenses are costs or expenses

of administering the Debtor's chapter 11 case which are allowed under 507(a)(2) of the Code. The

Code requires that all administrative expenses be paid on the effective date of the Plan, unless a

particular claimant agrees to a different treatment.

**Section 2.02**   Class 2. Secured Claims. The claim of Secured Creditors, to the extent allowed as a

secured claim under § 506 of the Code.

**Section 2.03**   Class 3. Priority Unsecured Claims. All unsecured claims allowed under §§ 507(a)(1),

(4), (5), (6), and (7) of the Code.

**Section 2.04**   Class 4 . General Unsecured Claims. All unsecured claims allowed under §502 of the

Code.

**Section 2.05**   Class 5.  Equity Interest Holders.      Equity interests of the Debtor.

## ARTICLE  III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES,
## AND PRIORITY TAX CLAIMS

**Section 3.01**   Administrative Expense Claims.

*Plan of Reorganization*
*Page 3*

Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VIII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

**Section 3.02**   Priority Tax Claims.

Each holder of a priority tax claim will be paid in accordance with 100% of the claimed amount over the course of five (5) years after the effective date of the Plan of Reorganization.  (See Exhibit 5 of the Disclosure Statement for the Treatment of all classes under the Plan).

**Section 3.03**   United States Trustee Fees.

All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

**Section 3.04**   Unclassified Claims.

Under section §1123(a)(1), administrative expense claims and priority tax claims are not in classes.

Certain types of claims are automatically entitled to specific treatment under the Code. They are not considered impaired, and holders of such claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code. As such, the Plan Proponent has *not* placed the following claims in any class:

*(a) PRIORITY TAX CLAIMS*

Priority tax claims are those taxes described by § 507(a)(8) of the Code. Unless the holder

*Plan of Reorganization*
*Page 4*

of such a § 507(a)(8) priority tax claim agrees otherwise, it must receive the present value of such

claim, in regular installments paid over a period not exceeding 5 years from the order of relief.

The following chart lists the Debtor's estimated § 507(a)(8) priority tax claims and their

proposed treatment under the Plan:

| DESCRIPTION | ESTIMATED AMOUNT OWED | TREATMENT |
|---|---|---|
| Department of Treasury | $3,014.92 | Pmt interval= monthly<br>Payment= $65.32<br>End Date= 60months<br>Total Payout Amount=$3919.40 |

The above chart lists the Debtor's estimated § 507(a)(8) priority tax claims and their

proposed treatment under the Plan:    *See* **Exhibit 5 of the Disclosure Statement**, Payment Plan.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – Administrative Expenses | Not Impaired | Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. |

*Plan of Reorganization*
*Page 5*

| | | |
|---|---|---|
| Class 2a – *Secured claim of:* **Firstbank** Collateral description: real estate consisting of Lot of land and residence located at Estancia de Cerro Gordo, 57 Plaza Valeri, Vega Alta, PR Allowed Secured Amount: $245,156.56 | Not Impaired | Payment pursuant to its original terms and conditions. |
| Class 2b: Banco Santander de Puerto Rico Collateral description: Residence located at Calle Diamela #1686, Urb. San Francisco, San Juan, PR Allowed amount of claim: 176,984.57 | IMPAIRED | The Debtor has reached an agreement with the heirs, whereby the property that serves as collateral to this claim has been excluded from the estate. Therefore, the lien and this claim will follow the property. In the alternative, the Debtor consents to the lift of stay in favor of BSPR and any amounts owed, if any, will be considered an unsecured claim under Class 4. |
| Class 2c: Cooperativa de Ahorro y CréditoVega Alta (VEGACOOP) Collateral: Shares and savings Allowed amount of claim: $26,375.77 | IMPAIRED | The Debtor will surrender the collateral and the remaining value of the claim will be paid as an unsecured claim. |
| Class 2d: CRIM (San Francisco) Collateral: Residence located at Calle Diamela #1686, Urb. San Francisco, San Juan, PR Allowed amount of claim: $2,418.93 | IMPAIRED | The Debtor has reached an agreement with the heirs, whereby the property that serves as collateral to this claim has been excluded from the estate. Therefore, the lien and this claim will follow the property. In the alternative, the Debtor consents to the lift of stay in favor of CRIM and any amounts owed, if any, will be considered an unsecured claim under Class 4. |

*Plan of Reorganization*
*Page 6*

| | | |
|---|---|---|
| Class 2e: CRIM (Vega Alta)<br><br>Collateral: Lot of land and residence located at Estancia de Cerro Gordo, 57 Plaza Valeri, Vega Alta, PR<br><br>Allowed amount: $3,909.58 | IMPAIRED | Monthly payment: $128.15<br><br>Months: 36<br><br>Interest: 6% |
| Class 2f: Scotiabank<br><br>Collateral: 2010 Toyota Highlander<br><br>Allowed amount: $26,777.01 | NOT IMPAIRED | This claim will be paid pursuant to the original terms and conditions of the loan.  Payment will be made directly by Super Pet Center, Inc as an employee benefit. |
| Class 3 - Priority Unsecured Claims | Not Applicable | Not applicable |
| Class 4 - General Unsecured Creditors | Impaired | The Debtor proposes paying 5% in 60 months.  Please see Exhibit 5 of the Disclosure Statement for the treatment of this class. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

**Section 5.01** <u>Disputed Claim</u>.  A disputed claim is a claim that has not been allowed or disallowed

*Plan of Reorganization*
*Page 7*

[by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

**Section 5.02** <u>Delay of Distribution on a Disputed Claim.</u> No distribution will be made on account of a disputed claim unless such claim is allowed.

**Section 5.03** <u>Settlement of Disputed Claims</u>. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**Section 6.01** Assumed Executory Contracts and Unexpired Leases. The Debtor does not hold any executory contracts nor unexpired leases.

**Section 6.02** Rejected Executory Contracts and Unexpired Leases.

(a)  NONE

**Section 6.03** General information related to executory contracts and/or unexpired leases:

(a)  The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the date of the entry of the order confirming this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no

*Plan of Reorganization*
*Page 8*

later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

Payments and distributions under the Plan will be funded by the operations of the Debtor, including but not limited to the income derived by the Debtor from her salary as the President of Super Pet Center, Inc..

## ARTICLE VIII
## GENERAL PROVISIONS

Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

**Section 8.01** Effective Date of Plan. The effective date of this Plan is thirty (30) day following the date in which the order of confirmation is final. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

**Section 8.02** Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**Section 8.03** Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

**Section 8.04** Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**Section 8.05** Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Puerto

*Plan of Reorganization*
*Page 9*

Rico govern this Plan and any agreements, documents, and instruments executed in connection with

this Plan, except as otherwise provided in this Plan.

**Section 8.06** Corporate Governance. The Debtor hereby abides section 1123(a)(6) of the Code and

prohibits the issuance of non-voting equity security. Further, the new equity security issued as a

result of this plan shall be equal with respect to the possibility of any dividends and the voting

directors.

<b>ARTICLE IX</b>

**DISCHARGE** The debtor will be discharged from any debt that arose before confirmation of this Plan,

subject to the occurrence of the effective date, to the extent specified in §1141(d)(5) of the Code, except that

the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in §

1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of

Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, this 7th day of February, 2011.
S/Aida Ortiz Ortiz
Aida Ortiz Ortiz

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court
using the CM/ECF System, which will send notification of such filing to the parties appearing in said system
including the US Trustee and the creditors' committee and by United States Postal Service to all those parties
who has requested a copy and are not within the electronic service.

C. CONDE & ASSOC.
Attorney for Debtor
San Jose Street #254, 5th Floor
San Juan, PR 00901-1253
Tel: (787) 729-2900
F a x :   ( 7 8 7 )   7 2 9 - 2 2 0 3

Email: condecarmen@microjuris.com

*s/Luisa S. Valle Castro*
Luisa S. Valle Castro
USDC No.: 215611

B6A (Official Form 6A) (12/07)

*Amended*

In re ___ORTIZ ORTIZ, AIDA L.___                                    Case No. _____
                    Debtor                                                          (If known)

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C – Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| RESIDENCE WITH LOT OF LAND OF 450 M.C.  ESTANCIAS DE CERRO GORDO 57 PLAZA VALERIE VEGA ALTA, PR 00962-9122 | 100% | | 247,500.00 | 244,521.24 |
| CASA DE SAN FRANCISCO  CALLE DIAMELA #1686 URB. SAN FRANCISCO SAN JUAN, P.R. 00926 | CO-OWNER SUBJECT TO STIP. | | 960,000.00 | 118,204.09 |
| | | Total ➤ | 1,207,500.00 | |

(Report also on Summary of Schedules.)

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 31846

B6B (Official Form 6B) (12/07)

*Amended*

In re   ORTIZ ORTIZ, AIDA L.                                  Case No. _____
                    Debtor                                                   (If known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See. 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | BSPR CHECKING ACCOUNT NO. 2000010681 FIRST BANK CHECKING ACCOUNT NO.; 08-02136984 COOPERATIVA DE AHORRO Y CRÉDITO VEGA ALTA ACCOUNT NO.: 03409782143 | | 432.94 381.00 989.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | TV, DVD PLAYER, WASHER/DRYER, BEDROOM, LIVING ROOM, DINING ROOM, KITCHEN APPLIANCES DEBTOR'S RESIDENCE | | 6,050.00 |
| 5.  Books. Pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | | Wearing apparel | | 800.00 |
| 7.  Furs and jewelry. | | JEWELRY DEBTOR'S RESIDENCE | | 1,500.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 31846

B6B (Official Form 6B) (12/07) -- Cont.

*Amended*

In re ___ORTIZ ORTIZ, AIDA L.___                                    Case No. _____
              Debtor                                                           (If known)

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | IRA ORIENTAL BANK IRA R&G PREMIER BANK | | 5,205.67 8,311.88 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | STOCKS IN SUPER PETS CENTER, INC. STOCK IN COOPERATIVA DE AHORRO - VEGA ALTA | | 0.00 5,375.06 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlement to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate or a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights of setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 31386

B6B (Official Form 6B) (12/07) -- Cont.

In re   ORTIZ ORTIZ, AIDA L.                                             Case No. _____
              Debtor                                                                    (If known)

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. §101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2010 TOYOTA HIGHLANDER | | 28,000.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

_____0_____ continuation sheets attached          Total   $   57,045.55

(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-769 - 31846

Amended

**FORMA LARGA**  ☐ PLANILLA CON CHEQUE (FAVOR DE FIJAR CHEQUE EN ESTE LUGAR)

Formulario 482  Rev. 11.09

**2009** ESTADO LIBRE ASOCIADO DE PUERTO RICO **2009**
DEPARTAMENTO DE HACIENDA
PLANILLA DE CONTRIBUCIÓN SOBRE INGRESOS DE INDIVIDUOS
AÑO CONTRIBUTIVO 2009 O AÑO COMENZADO EL

1 de enero de 2009 Y TERMINADO EL 31 de diciembre de 2009

☐ PLANILLA ENMENDADA
☐ FALLECIDO DURANTE EL AÑO

**Nombre del Contribuyente:** AIDA  **Apellido Paterno:** ORTIZ ORTIZ

**Número de Seguro Social Contribuyente:** 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

**Dirección Postal:** PO BOX 3960

**GUAYNABO PR**  **Código Postal** 00970

Fecha de Nacimiento: 15 / 10 / 1946  Sexo: ☐ M ☐ F

**Dirección Residencial Completa:** PO BOX 3960

**GUAYNABO PR**  **Código Postal** 00970

Teléfono del Trabajo: (787) 763-1410

**ESTADO PERSONAL AL FINALIZAR EL AÑO CONTRIBUTIVO:**

Encasillado 1:
A. ☐SI ☐NO ¿Ciudadano de Estados Unidos?
B. ☐SI ☐NO ¿Residente de Puerto Rico al finalizar el año?
C. ☐SI ☐NO ¿Ingresos exentos de Lotería de Puerto Rico?
D. ☐SI ☐NO ¿Ingresos de premios de jugadas en Hipódromo?
E. ☐SI ☐NO ¿Otros ingresos exentos de contribución (Someta Anejo)?
F. ☐SI ☐NO ¿Obligación de hacer pagos a ASUME?

1. ☐ Casado que viva con su cónyuge y rinde planilla conjunta.
2. ☐ Casado que no viva con su cónyuge (no jefe de familia)
3. ☐ Jefe de familia (No para casados)
4. ☐ Soltero
5. ☐ Casado que rinde por separado

**FUENTE DE MAYOR INGRESO:**
G. ☐ Empleado de Estado, Municipios o Corporaciones Públicas
H. ☐ Empleado del Gobierno Federal
I. ☐ Empleado de Empresa Privada
Su ocupación EJECUTIVA  8110  Ocupación cónyuge

J. ☐ Retirado/Pensionado
K. ☐ Trabajo Cuenta Propia

CONTRATO GOBIERNO
☐ CONTRIBUYENTE ☐ CONYUGE
PLANILLA 2010
☐ ESPAÑOL ☐ INGLES

Encasillado 2:

| | A-Contribución Retenida | B-Sueldos, Comisiones, Concesiones y Propinas |
|---|---|---|
| 00 Someter los comprobantes de retención | 3,000 00 | 23,637 00 |
| 01 Total de comprobantes con esta planilla.. 1 | 3,000 00 | 23,637 00 |

Sello de Recibido de Puerto Rico
DEPARTAMENTO DE HACIENDA
Área de Rentas Internas
RECIBIDO
APR 15 2010
PLANILLA SIN PAGO
SECRETARIO DE HACIENDA
09-515

| | Contribución Retenida | Salarios Federales |
|---|---|---|
| Salarios del Gobierno Federal (Véanse Instrucciones)(01) | 00 (02) | 00 |

2. Otros Ingresos (o Pérdidas):
A) Ingreso de intereses (Anejo F Individuo, Parte I, línea 10) .......... (03) 00
B) Participación distribuible en beneficios de sociedades especiales (Someta Anejo F Individuo y Anejo R) .......... (04) 00
C) Participación distribuible en pérdidas de sociedades especiales (Someta Anejo R) .......... (05) 00
D) Dividendos de corporaciones y distribuciones de sociedades sujetos a retención (Anejo F Individuo, Parte II, línea 1A) .......... (06) 00
E) Dividendos de corporaciones y distribuciones de sociedades no sujetos a retención (Anejo F Individuo, Parte II, línea 3B) .......... (07) 00
F) Participación distribuible en beneficios de corporaciones de Individuos (Someta Anejo F Individuo) .......... (08) 00
G) Distribuciones de Planes Gubernamentales (Anejo F Individuo, Parte V, líneas 1C y 1D) .......... (09) 00
H) Ingresos misceláneos (Someta Anejo F Individuo) .......... (10) 32,000 00
I) Distribuciones de Cuentas de Retiro Individual y Cuentas de Aportación Educativa (Someta Anejo F Individuo) .......... (11) 00
J) Dividendos de Fondo de Capital de Inversión o de Turismo (Someta Anejo Q1) .......... (12) 00
K) Ingresos de anualidades y pensiones (Anejo H Individuo, Parte II, línea 12) .......... (13) 00
L) Pensión recibida por divorcio o separación (Núm. seguro social del que paga_____) (14) .......... (15) 00
M) Ganancia (o pérdida) atribuible a industria o negocio (Someta Anejo K Individuo) .......... (16) 00
N) Ganancia (o pérdida) atribuible a la agricultura (Someta Anejo L Individuo) .......... (17) 00
O) Ganancia (o pérdida) atribuible a profesiones o comisiones (Someta Anejo M Individuo) .......... (18) 00
P) Ganancia (o pérdida) atribuible a alquiler (Someta Anejo N Individuo) .......... (19) 00
Q) Ganancia (o pérdida) en la venta o permuta de activos de capital (Someta Anejo D Individuo) .......... (20) 00
R) Planes cualificados y Contratos de Anualidad Variable (Someta Anejo D Individuo) .......... (21) 00
S) Ganancia neta de capital a largo plazo en Fondos de Inversión (Someta Anejo Q1) .......... (22) 55,637 00
3. Total Ingreso Bruto (Sume líneas 1B, 1C y 2A a 2S) .......... (23) 55,637 00
4. Pensión Pagada por Divorcio o Separación (seg. soc. del que la recibe_____) (X) (Núm. sentencia____) (25) 00
5. Ingreso Bruto Ajustado (Línea 3 menos línea 4) .......... (26) 55,637 00

Período de Conservación: Diez (10) años

PRSoft, Inc. (www.prsoft.com)

05/26/2010 15:13 750

Rev. 11.09    AIDA ORTIZ ORTIZ      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      Formulario 482 - Página 2

| | | |
|---|---|---|
| 5. Ingreso Bruto Ajustado (De la línea 5, página 1) | (01) | 55,637 00 |
| 6. DEDUCCION FIJA: Si marcó en el Encasillado 1 el bloque 1 anote $3,160, el bloque 2 anote $2,100, el bloque 3 anote $2,730, el bloque 4 anote $2,100. Si marcó el bloque 5 y su cónyuge detalló sus deducciones anote cero. Si su cónyuge no detalló anote $1,575 (02) | | 2,100 00 |
| 7. Total deducciones detalladas (Anejo A Individual, Parte I, línea 17) (03) | | 24,369 00 |
| 8. Deducción fija o deducciones detalladas (Anote la mayor de la línea 6 ó 7) | (04) | 24,369 00 |
| 9. Total deducciones adicionales (Anejo A Individual, Parte II, línea 9) | (05) | 945 00 |
| 10. Pago de servicio telefónico por comunicación con personal militar en zona de combate (Véanse instrucciones) | (06) | |
| 11. EXENCION PERSONAL: Si marcó el bloque 2 $1,300, bloque 4 $1,300, bloque 5 $1,500 | (07) | 1,300 00 |
| 12. EXENCION POR DEPENDIENTES (Complete el Anejo A1 Individual, véanse instrucciones) | | |
| A) No universitarios: Categoría (N) (11) x $2,500 | (11) | 00 |
| B) Universitarios: Categoría (U) (15) x $2,500 | (15) | 00 |
| C) Incapacitados, ciegos o de 65 años o más: Categoría (I) 1 (19) x $2,500 | (19) | 2,500 00 |
| D) Total Exención por Dependientes (Suma líneas 12A a la 12C) | (20) | 2,500 00 |
| 13. Total Deducciones y Exenciones (Suma líneas 8, 9, 10, 11 y 12D) | (21) | 29,114 00 |
| 14. INGRESO NETO SUJETO A CONTRIBUCION (Línea 5 menos línea 13. Si la línea 13 es mayor que la línea 5, anote cero) | (22) | 26,523 00 |
| 15. CONTRIBUCION: (01) ☐ 1 Según Tabla ☐ 2 Especial sobre ganancias de capital (03) ☐ 3 Extranjero no residente | (03) | 2,523 00 |
| 16. Cantidad de Ajuste Gradual (Determine este ajuste si la cantidad reflejada en la línea 14 es mayor de $75,000) (Anejo P Individual, línea 7) | (04) | |
| 17. Exceso de la Contribución Básica Alterna sobre la Contribución Regular (Anejo O Individual, Parte II, línea 7) (Véanse instrucciones) | (05) | |
| 18. Contribución sobre intereses sujetos a retención (Anejo F Individual, Parte I, línea 6) | (06) | |
| 19. Contribución especial sobre dividendos de corporaciones o sociedades de servicios sujetas a retención (Anejo F Individual, Parte II, línea 4A) | (07) | |
| 20. Contribución sobre dividendos de Fondo de Capital de Inversión o de Turismo (Someta Anejo Q1) | (08) | |
| 21. Contribución sobre distribuciones de IRA o Cuentas de Aportación Educativa que consistan de ingresos de fuentes dentro de P.R. (Anejo F Ind., Parte VII, línea 2) | (09) | |
| 22. Contribución sobre distribuciones de IRA a organismos del Gobierno (Anejo F Individual, Parte VII, línea 3) | (10) | 0 00 |
| 23. Contribución sobre distribuciones y transferencias de Planes Gubernamentales (Anejo F Individual, Parte V, línea 3) | (11) | |
| 24. Contribución sobre ingreso neto derivado de Proyectos Fílmicos o de Infraestructura, y de negocios con decreto de exención bajo la Ley 135 de 1997 (Anejo K Individual, Parte II, línea 10 o Anejo H Individual, Parte II, línea 8) | (12) | |
| 25. Contribución sobre ingresos de equipos de béisbol de Grandes Ligas y la Asociación Nacional de Baloncesto de los E.U. (Anejo F Individual, Parte VI, línea 2) | (13) | |
| 26. TOTAL CONTRIBUCION DETERMINADA (Suma líneas 15 a la 25 o anote la cantidad del Anejo CO Individual, línea 28, según aplique) | (14) | 2,523 00 |
| 27. Recobro de crédito reclamado en exceso (Anejo B Individual, Parte I, línea 4) | (15) | |
| 28. Crédito para Contribuyentes Asalariados (Anejo D2 Individual) (Véanse instrucciones) | (16) | |
| 29. Créditos contributivos (Anejo B Individual, Parte II, línea 24) | (17) | |
| 30. RESPONSABILIDAD CONTRIBUTIVA (Sume líneas 26 y 27 menos líneas 28 ó 29, lo que aplique. Si es menos de cero, anote cero) | (17) | 2,523 00 |
| 31. CONTRIBUCION RETENIDA, PAGADA Y CREDITOS REEMBOLSABLES: | | |
| A) Mediante retención sobre salarios (Sume las líneas 1A y 1C del Encasillado 2 o líneas 1A y 2A del Anejo CO Individual) (18) 3,000 00 | | |
| B) Mediante retención sobre anualidades y pensiones (Anejo H Individual, Parte II, línea 13) (19) | | 00 |
| C) Otros pagos y retenciones (Anejo B Individual, Parte III, línea 17) (20) | | 00 |
| D) Crédito Compensatorio para Pensionados de Bajos Recursos (Véanse instrucciones) (21) | | 00 |
| E) Crédito por Trabajo (Véanse instrucciones) (22) | | 00 |
| F) Crédito de la Oportunidad Americana (Someta Anejo B2 Individual) (23) | | 00 |
| G) Total Contribución Retenida, Pagada y Créditos Reembolsables (Sume líneas 31A a la 31F) | (24) | 3,000 00 |
| 32. TOTAL NO PAGADO DE LA CONTRIBUCION (Si la línea 31G es menor que la línea 30, anote diferencia aquí, de lo contrario, en línea 37) | (25) | 00 |
| 33. Menos: Cantidad pagada con prórroga automática | (26) | 00 |
| 34. BALANCE PENDIENTE DE PAGO (Si la línea 32 es mayor que la línea 33, anote la diferencia aquí, de lo contrario, vea línea 37) | (27) | 00 |
| 35. Adición a la Contribución por Falta de Pago de la Contribución Estimada (Anejo T Individual, Parte IV, línea 34) | (28) | 00 |
| 36. Sobretasa Especial (Véanse instrucciones) | (29) | 00 |
| 37. Menos: Exceso de Contribución Retenida, Pagada y Créditos Reembolsables | (30) | 477 00 |
| 38. Menos: Cantidad pagada (a) Con Planilla o Electrónicamente a través de un Programa Certificado | (31) | 00 |
| (b) Otras Transferencias Electrónicas (Núm. de Transacción _____) | (32) | 00 |
| (c) Intereses | (33) | 00 |
| (d) Recargos y Penalidades | (34) | 00 |
| 39. BALANCE PENDIENTE DE PAGO (Suma líneas 34 a 36 menos líneas 37, 38(a) y 39(b) y anota aquí. Si es menos de cero, anote la diferencia en línea 40) | (35) | 00 |
| 40. CONTRIBUCION PAGADA EN EXCESO (Suma líneas 33, 35 y 36 menos líneas 31G y 33. Indique distribución en las líneas A, B o C) | (36) | 477 00 |
| A) Acreditar a la contribución estimada 2010 | (38) | 00 |
| B) Aportación al Fondo Especial para el Estuario de la Bahía de San Juan | (39) | 00 |
| C) A REINTEGRAR (Si desea que se le deposite el reintegro directamente en una cuenta, complete el Encasillado 5) | (40) | 477 00 |

**AUTORIZACION PARA DEPOSITO DIRECTO DE REINTEGRO**

Tipo de cuenta      Número de ruta/tránsito      Número de su cuenta

○ Cheques ○ Ahorro

Cuenta a nombre de: _____
(Nombre completo en letra de molde según aparecen en su cuenta. Si es casado y rinde planilla conjunta, incluya el nombre del cónyuge)

Declaro bajo penalidad de perjurio que la información incluida en esta planilla, anejos y documentos que la acompañan, ha sido examinada por mí y que la misma es cierta, correcta y completa. La declaración de la persona que preparó la planilla (excepto el contribuyente) es con respecto a la información disponible y de la información ha sido verificada.

Firma del Contribuyente    Fecha      Firma del Cónyuge    Fecha
X _____      X _____

Nombre del Especialista (Letra de Molde)      Nombre de la Firma o Negocio

Dirección      Número de Registro      Número de Identificación Patronal      Firma del Especialista    Fecha

Código Postal      Especialista por cuenta propia (enriquezca aquí)

**NOTA AL CONTRIBUYENTE**
Indique si hizo pagos por la preparación de su planilla: ☐ Sí ☐ No. Si contestó "Sí", exija la firma y el número de registro del Especialista.
Período de Conservación: Diez (10) años      PRSoft, Inc. (www.prsoft.com)

**Anejo A Individuo**
Rev. 11.09

**DEDUCCIONES DETALLADAS Y ADICIONALES**

Año contributivo comenzado el _1_ de _enero_ de 2009 y terminado el _31_ de _diciembre_ de _2009_

**2009**

Nombre del contribuyente
**AIDA ORTIZ ORTIZ**

Número de Seguro Social
**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**

**Parte I — Deducciones Detalladas (Véanse instrucciones)**

1. Intereses hipotecarios ⑩

| Nombre de la entidad a quién hizo el pago | Hipoteca | Número del Préstamo | Núm. Ident. Patronal | Importe | |
|---|---|---|---|---|---|
| Primera residencia: FIRST BANK | Primera | 267644 | (01) 66-0183103 | 16,932 |00| (05) |
| DORAL BANK | Segunda | 9551179 | (02) 66-0387312 | 6,359 |00| (06) |
| Segunda residencia: | Primera | | (03) | |00| (07) |
| | Segunda | | (04) | |00| (08) |

Honorarios de Origen del Préstamo (Puntos) Pagados Directamente por el Deudor (Véanse instrucciones) .... (09)
Descuentos del Préstamo (Puntos) Pagados Directamente por el Deudor (Véanse instrucciones) .... (10)

Total intereses hipotecarios pagados .......................................................... (11) | 23,291 |00|
2. Tablillas de auto pagadas para uso personal (Véanse instrucciones) .......................... (12) | |00|
3. Gastos incurridos en el cuido de hijos (Véanse instrucciones. $1,500-un hijo; $3,000-dos o más hijos) .... (13) | |00|
4. Gastos incurridos en el cuido de personas de edad avanzada (Véanse instrucciones) .... (14) | 600 |00|
5. Alquiler pagado (Número seguro social del arrendador) _____ ) (15) .... (16) | |00|
6. Contribuciones sobre la propiedad que constituye su residencia principal ...................... (17) | 478 |00|
7. Pérdida de su residencia principal debido a causas fortuitas (Véanse instrucciones) .......... (18) | |00|
8. Gastos médicos (Anejo J Individuo, línea 4) ............................................ (20) | |00|
9. Donativos (Anejo J Individuo, línea 11) ................................................ (21) | |00|
10. Pérdida de bienes muebles por ciertas causas fortuitas (Véanse instrucciones) .............. (22) | |00|
11. Gastos por molinos de viento ........................................................ (23) | |00|
12. Gastos de equipo de asistencia tecnológica para personas con impedimentos, tratamiento especializado o enfermedad crónica:
Enfermezca: ⚪ 1 Contribuyente ⚪ 2 Esposa ⚪ 3 Otros ............ (24) | |00|
13. Gastos incurridos para la educación de dependientes (Véanse instrucciones. $1,500-un dep.; $3,000-dos o más dep.) ... (25) | |00|
14. Gastos por equipo solar ............................................................. (26) | |00|
15. Intereses sobre préstamos estudiantiles a nivel universitario (Véanse instrucciones):

| Inst. financiera | Núm. préstamo | Núm. Ident. Patronal | Importe | |
|---|---|---|---|---|
| | | (27) | (28) | |
| | | (29) | (30) | |

Total intereses sobre préstamos estudiantiles pagados .................................. (31) | |00|
16. Aportaciones al Fondo para Servicios contra Enfermedades Catastróficas Remediables (Véanse instrucciones) ... (32) | |00|
17. Total deducciones detalladas (Sume líneas 1 a la 16 y traslade al Encasillado 3, línea 7 de la planilla) ... (35) | 24,369 |00|

**Parte II — Deducciones Adicionales (Véanse instrucciones)**

1. Aportaciones a cuentas de retiro individual (No exceder de $5,000 ó $10,000 si es casado):

| Inst. financiera | Núm. cuenta | Núm. Ident. Patronal | Aportación |
|---|---|---|---|
| | (36) | (39) | |
| | (37) | (40) | |
| | (38) | (41) | |

Total aportaciones a cuentas de retiro individual ....................................... (42) | |00|
2. Aportaciones a cuentas de ahorro de salud con plan médico de deducible anual alto (Véanse instrucciones)

| Institución | Núm. cuenta | Núm. Ident. Patronal | Aportación |
|---|---|---|---|
| | (45) | (49) | |
| Deducible anual (43) | Tipo de cubierta: (46) ⚪ 1 Individual ⚪ 2 Individual y 55 años o más ⚪ 3 Familiar ⚪ 4 Familiar y 55 años o más | | |

| Institución | Núm. cuenta | Núm. Ident. Patronal | Aportación |
|---|---|---|---|
| | (47) | (50) | |
| Deducible anual (44) | Tipo de cubierta: (48) ⚪ 1 Individual ⚪ 2 Individual y 55 años o más ⚪ 3 Familiar ⚪ 4 Familiar y 55 años o más | | |

Total aportaciones (Sume la cantidad menor entre la aportación y el deducible anual de cada cuenta) ... (51) | |00|
3. Aportaciones a sistemas gubernamentales de pensiones o retiro ............................... (52) | 0 |00|
4. Veteranos (Véanse instrucciones) ..................................................... (53) | |00|
5. Gastos ordinarios y necesarios (Anejo J Individuo, línea 8) ................................. (54) | 945 |00|
6. Intereses de préstamo de automóvil (No exceder de $1,200): Inst. financiera _____
Núm. préstamo _____ Núm. Ident. Patronal (55) .......................... (57) | |00|
7. Jóvenes que trabajan (Véanse instrucciones) ........................................... (57) | |00|
8. Cuenta de Aportación Educativa (Anejo A1 Individuo, Parte II, línea (10)) (Véanse instrucciones) ... (58) | |00|
9. Adquisición e instalación de computadora personal para uso de dependientes (Véanse instrucciones) ... (59) | |00|
10. Aportaciones al Fondo Dotal de la Universidad de Puerto Rico ............................... (60) | |00|
11. Casados cuando ambos trabajan (Véanse instrucciones) ................................... (61) | |00|
12. Total deducciones adicionales (Sume líneas 1 a la 11 y traslade al Encasillado 3, línea 9 de la planilla) ... (62) | 945 |00|

Período de Conservación: Diez (10) años

PRSoft, Inc. (www.prsoft.com)

05/26/2010   15:13   760

## Anejo A1 Individuo
Rev. 11.09

# DEPENDIENTES Y BENEFICIARIOS DE CUENTAS DE APORTACION EDUCATIVA

## 2009

Año contributivo comenzado el __1__ de __enero__ de 2009 y terminado el __31__ de __diciembre__ de 2009

| Nombre del contribuyente | Número de Seguro Social |
|---|---|
| AIDA ORTIZ ORTIZ | 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 |

**Parte I**   Información sobre Dependientes (Véanse instrucciones)   **65**

INFORMACION IMPORTANTE PARTE I

☞ No incluya al cónyuge en este anejo. Un individuo casado que vive con su cónyuge no es jefe de familia para fines contributivos, por lo que no debe incluir el nombre de la esposa en el encasillado de jefatura (línea 01).

☞ Si reclama el estado personal de jefe de familia, incluya al dependiente que le da dicho derecho en la línea de Jefatura (01), pero no reclame la exención por este dependiente.

☞ Acompañe este Anejo con su planilla para poder considerar la exención por dependientes.

| Jefatura | (01) | Nombre, Inicial   Apellido Paterno   Apellido Materno NO CONTRIBUYENTE I NO CONYUGE | | Parentesco | Categoría | Fecha de Nacimiento | Número de Seguro Social |
|---|---|---|---|---|---|---|---|

| | Nombre, Inicial | Apellido Paterno | Apellido Materno | Parentesco | Categoría * (N-I-M) | Fecha de Nacimiento Día / Mes / Año | Número de Seguro Social |
|---|---|---|---|---|---|---|---|
| (02) | ROSENDO ORTIZ MATOS | | | Padre | I | 01/03/1922 | 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 |
| (03) | | | | | | | |
| (04) | | | | | | | |
| (05) | | | | | | | |
| (06) | | | | | | | |
| (07) | | | | | | | |
| (08) | | | | | | | |
| (09) | | | | | | | |
| (10) | | | | | | | |

**Parte II**   Beneficiarios de Cuentas de Aportación Educativa (Véanse instrucciones)   **67**

INFORMACION IMPORTANTE PARTE II

☞ Estos beneficiarios no deberán considerarse al determinar la exención por dependientes. No obstante, si alguno de estos beneficiarios cualifica como su dependiente, deberá incluirlo también en la Parte I de este Anejo.

| (01) | Nombre, Inicial   Apellido Pat.   Apellido Mat. | Fecha de Nacimiento (Día/Mes/Año) | Parentesco * | Número de Seguro Social | Cantidad Aportada (No exceder de $500 cada una) |
|---|---|---|---|---|---|
| | Institución financiera | Número de la cuenta | | Número de Identificación Patronal | |
| (02) | Nombre, Inicial   Apellido Pat.   Apellido Mat. | Fecha de Nacimiento (Día/Mes/Año) | Parentesco * | Número de Seguro Social | Cantidad Aportada (No exceder de $500 cada una) |
| | Institución financiera | Número de la cuenta | | Número de Identificación Patronal | |
| (03) | Nombre, Inicial   Apellido Pat.   Apellido Mat. | Fecha de Nacimiento (Día/Mes/Año) | Parentesco * | Número de Seguro Social | Cantidad Aportada (No exceder de $500 cada una) |
| | Institución financiera | Número de la cuenta | | Número de Identificación Patronal | |

| (10) | Total aportaciones (Sume líneas (01) a la (03) y traslade al Anejo A Individuo, Parte II, línea 8 o al Anejo CO Individuo, línea 10H, según aplique) ................................................. | |

* Véanse instrucciones.                    Período de Conservación: Diez (10) años                    PRSoft, Inc. (www.prsoft.com)

**Anejo F Individuo**
Rev. 11.09

**OTROS INGRESOS**

Año contributivo comenzado el 1 de enero de 2009 y terminado el 31 de diciembre de 2009

**2009**

Nombre del contribuyente
AIDA ORTIZ ORTIZ

Número de Seguro Social 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

Emergezara: ○ 1 Contribuyente ○ 2 Cónyuge ○ 3 Ambos

**Parte I — Intereses**

| Nombre de la persona que hizo el pago | Número de Identificación Patronal | Número de la Cuenta | Columna A Intereses elegibles sujetos a retención | Columna B Intereses de instituciones financieras sujetos a retención (17%) | Columna C Intereses de instituciones financieras sujetos a retención (10%) | Columna D Intereses de instituciones financieras no sujetos a retención | Columna E Intereses de distribuciones de IRA a Pensionados del Gobierno | Columna F Otros intereses |
|---|---|---|---|---|---|---|---|---|

PRSoft, Inc. (www.prsoft.com)

1. Subtotal de intereses
2. Menos: Exclusión de intereses (Véanse instrucciones)
3. Total de intereses
4. Sume línea 3, Columnas D y F
5. Contribución: Anote 17% de la línea 3B y 10% de las líneas 3A, 3C y 3E
6. Total contribución (Determine el total de la línea 5. Anote en el Encasillado 4, línea 18 de la planilla o en la línea 19 del Anejo CO Individuo 10% a cada Columna)
7. Contribución retenida, Sume Formularios 480.6B, 480.6SE, 480.6CI, 480.7 y 480.7B, según aplique
8. Total contribución retenida (Determine el total de la línea 7. Anote en el Anejo B Individuo, Parte III, línea 4)
9. Opción para tributar aquellos que clase de los intereses de las Columnas A, B, C y E como ingreso ordinario (Anote aquí el total de las líneas 3A, 3B, 3C y 3E, según aplique)
10. Total de intereses (Sume líneas 4 y 9. Traslade al Encasillado 2, línea 2A de la planilla o a la línea 3A del Anejo CO Individuo)

Período de Conservación Diez (10) años

AIDA ORTIZ ORTIZ

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

Anejo F Individuo - Página 2

## Parte II — Dividendos de Corporaciones y Distribuciones de Sociedades

| | Nombre de la persona que hizo el pago | Número de Identificación Patronal | Número de la Cuenta | Columna A — Sujetos a retención | Columna A — No sujetos a retención | Columna B — Beneficios |
|---|---|---|---|---|---|---|

1. Total cantidad distribuida .................................................
2. Menos: Porción exenta de dividendos distribuidos bajo la Ley Núm. 26 de 1978 ...
3. Total (Traslade el total de la Columna B al Encasillado 2, línea 2E; de la planilla o línea 3E del Anejo CO Individuo) ...
4. Contribución especial 10% de la Columna A (Anote en el Encasillado 4, línea 19 de la planilla o línea 20 del Anejo CO Individuo 50% a cada Columna) ...
5. Contribución retenida (Someta Formulario 480.6B; Anote en el Anejo B Individuo, Parte III, línea 9) ...

**NOTA: Si recibió dividendos distribuidos por Corporaciones Especiales Propiedad de Trabajadores (Columna A), el total de estas líneas 2 y/o 4 es necesario sumarlo a cada línea de 3 (traslado de cada una de la Columna A) y refiérase [ilegible]**

## Parte III — Beneficios de Sociedades Especiales (SOMETA ANEJO R - VÉANSE INSTRUCCIONES)

Nombre de la sociedad que hizo el pago

Núm. Identificación Patronal

## Parte IV — Beneficios de Corporaciones de Individuos

Nombre de la corporación que hizo el pago

Núm. Identificación Patronal

| | Beneficios o Pérdidas |
|---|---|

Total Beneficios (Traslade al Encasillado 2, línea 28 de la planilla o línea 33, Columna B o C del Anejo CO Individuo, según aplique) ...

Beneficio neto ...

Menos: Pérdidas de años anteriores (Acompañe Anejo) ...

Total Beneficios (Traslade al Encasillado 2, línea 25 de la planilla o línea 3F, Columna B o C del Anejo CO Individuo, según aplique. Si es menos de cero, anote cero) ...

## Parte V — Distribuciones y Transferencias de Planes Gubernamentales

| Descripción | Emergencia si Pagó por Adelantado | Fecha de Distribución | (A) Total de la Distribución | (B) Base | (C) Pensión Tributable | Porción Tributable - Cuenta de Ahorros | | Transferencias bajo la Sección 1165E |
|---|---|---|---|---|---|---|---|---|
| | | | | | | Distribuciones de menos de $10,000 | Distribuciones en suma global ($10,000 o más) | |

1. Tributa como ingreso ordinario (traslade la cantidad de las Columnas C y D al Encasillado 2, línea 2G de la planilla o línea 3G, Columna B o C del Anejo CO Individuo, según aplique) ...

2. Tributa al 10% ...

3. Contribución sobre distribuciones o transferencias (10% de las Columnas E y F, Anote en el Encasillado 4, línea 23 de la planilla o línea 24, Columna B o C del Anejo CO Individuo, según aplique) ...

4. Contribución retenida (Anote en el Anejo B Individuo, Parte III, línea 16) ...

Período de Conservación: Diez (10) Años

PRSoft, Inc. (www.prsoft.com)

Rev. 1

Anejo F Individuo - Página 3

Nombre del contribuyente: AIDA ORTIZ ORTIZ
Numero de Seguro Social: 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

## Parte VI — Ingresos Misceláneos

| Nombre de la persona que hizo el pago | Número de Identificación Patronal | Número de la Cuenta | Columna A — Ingreso Misceláneo | Columna B — Indemnización Judicial o Extrajudicial | Columna C — Ingreso de Premios y Concursos | Columna D — Ingreso de equipos de béisbol de Grandes Ligas y Asociación Nacional de Baloncesto de los EU |
|---|---|---|---|---|---|---|
| SUPER PET CENTER | (b) 66-0286249 | 22113336 | 32,000 00 | 00 | 00 | 00 |
|  | (b) |  | 00 | 00 | 00 | 00 |
|  | (b) |  | 00 | 00 | 00 | 00 |

1. Total ............ (25) 32,000 00 (26) 00 (27) 00 (28) 32,000 00

2. Contribución sobre el ingreso de equipos de béisbol de Grandes Ligas y Asociación Nacional de Baloncesto de los E.U. (28% de la línea 1D. Traslade al Encasillado 4, línea 2G de la planilla o línea 23, Columna B o C del Anejo CO Individuo, según aplique) ............ (29) 00

3. Total ingresos misceláneos (Suma el total de las Columna A, B y C. Traslade al Encasillado 2, línea 2H de la planilla o línea 31 del Anejo CO Individuo) ............ (24) 32,000 00

## Parte VII — Distribuciones de Cuentas de Retiro Individual y Cuentas de Aportación Educativa

### Porción Tributable

| Nombre de la persona que efectuó el pago | Número de Identificación Patronal | Número de la Cuenta | Empreza si Pagó por Adelantado | Columna A — Total de la Distribución | Columna B — Base | Columna C — Distribuciones de IRA o Cuentas de Aportación Educativa | Columna D — Distribuciones de IRA o Cuentas de Aportación Educativa que Consisten de Ingreso de Planes o Benefactos Dentro de P.R. (excl.Aprtn.o aportaciones) del IRA | Columna E — Distribuciones de IRA o Cuentas que Consisten de Aportaciones del Gobierno |
|---|---|---|---|---|---|---|---|---|
|  | (29) |  | O | 00 | 00 | 00 | 00 | 00 |
|  | (2) |  | O | 00 | 00 | 00 | 00 | 00 |
|  | (30) |  | O | 00 | 00 | 00 | 00 | 00 |
|  | (9) |  | O | 00 | 00 | 00 | 00 | 00 |
|  | (0) |  | O | 00 | 00 | 00 | 00 | 00 |
|  | (1) |  | O | 00 | 00 | 00 | 00 | 00 |

1. Total ............ (32) 00 (33) 00 (34) 00 (35) 00 (36) 00

2. Contribución sobre distribuciones de IRA o Cuentas de Aportación Educativa que consistan de ingresos de fuentes dentro de P.R. (17% de la línea 1D. Anote en el Encasillado 4, línea 2I de la planilla o línea 22, Columna B o C del Anejo CO Individuo, según aplique) ............ (37)

3. Contribución sobre distribuciones de IRA o aportaciones del Gobierno (10% de la línea 1E. Anote en el Encasillado 4, línea 2J del párrafo línea 23, Columna B o C del Anejo CO Individuo, según aplique) ............ (38)

4. Opción para tributar como ingreso ordinario las distribuciones que consistan de ingresos de fuentes dentro de P.R. y las efectuadas a personas radicadas del Gobierno (Anote el total de las Columnas D y/o E sólo si opta por incluir dichas distribuciones como ingreso ordinario) ............

5. Total de distribuciones de Cuentas de Retiro Individual y Cuentas de Aportación Educativa (Suma el total de la Columna C y la cantidad reflejada en la línea 4. Traslade al Encasillado 2, línea 2I de la planilla o línea 31, Columna B o C del Anejo CO Individuo, según indique) ............

## Parte VIII — Distribuciones de Planes de Compensación Diferida (No Cualificados)

| Descripción | Emprezo si Pagó por Adelantado | Fecha de Distribución | Columna (A) — Total de la Distribución | Columna (B) — Base | Columna (C) — Porción Tributable |
|---|---|---|---|---|---|
|  | O | (49) | (41) 00 | (42) 00 | (43) 00 |

1. Tributa como ingreso ordinario (Traslade a la Parte VI, Columna A de este Anejo) ............

## Parte IX — Distribuciones de Planes de Retiro Cualificados (Parciales o Suma Global No por Separación de Servicio)

| Descripción | Emprezo si Pagó por Adelantado | Fecha de Distribución | Columna (A) — Total de la Distribución | Columna (B) — Base | Columna (C) — Porción Tributable |
|---|---|---|---|---|---|
|  | O | (51) | (52) 00 | (53) 00 | (54) 00 |

1. Tributa como ingreso ordinario (Anote en el Anejo B Individuo, Parte III, línea 14) ............

2. Contribución retenida ............

| Anèjo I Individuo | GASTOS ORDINARIOS Y NECESARIOS | 2009 |
|---|---|---|

Rev. 11.09

Año contributivo comenzado el _1_ de _enero_ de 2009 y terminado el _31_ de _diciembre_ de 2009

Nombre del contribuyente
AIDA ORTIZ ORTIZ

Número de Seguro Social
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

**Parte I**  Detalle de Gastos (Véanse instrucciones)   Ennegrezca uno: (01) ◯ 1 Contribuyente ◯ 2 Cónyuge   (58)

1. Comidas y entretenimiento
   A. Total de gastos incurridos o pagados .......... (02)
   B. Reembolso de gastos (comidas y entretenimiento) .......... (03)
   C. Diferencia (Si la línea 1B excede la línea 1A, anote el exceso aquí y en el Anejo F Individuo, Parte VI) .......... (04)
   D. Diferencia (Si la línea 1A excede la línea 1B, anote el exceso aquí) .......... (05)
   E. Anote el 50% de la línea 1D (Véanse instrucciones) .......... (06)

2. Otros gastos
   A. Costo y mantenimiento de uniformes .......... (11)
   B. Cuotas de uniones, colegiaciones y asociaciones profesionales .......... (12) | 250 00
   C. Compra de materiales didácticos por educadores .......... (13) | 450 00
   D. Compra de libros técnicos propios de la profesión u oficio .......... (14) | 300 00
   E. Gastos de educación y mejoramiento de la profesión u oficio .......... (15) | 336 00
   F. Depreciación (Parte II de este Anejo) .......... (16)
   G. Otros gastos de la profesión u oficio .......... (17)
   H. Total otros gastos (Sume líneas 2A a la 2G. Anote el total aquí) .......... (18) | 1,336 00
   I. Reembolso de otros gastos .......... (19)
   J. Diferencia (Si la cantidad en la línea 2I excede la cantidad de la línea 2H, anote el exceso aquí y en el Anejo F Individuo, Parte VI. De lo contrario, pase a la línea 2K) .......... (20)
   K. Si la línea 2H excede la cantidad en la línea 2I, anote el exceso en esta línea .......... (30) | 1,336 00

3. Total gastos ordinarios y necesarios (Sume líneas 1E y 2K. Anote la cantidad en esta línea) .......... (31) | 1,336 00

4. Sueldos, Comisiones, Concesiones y Propinas (Encasillado 2, línea 1B de la Forma Larga o línea 1B o 1C, según aplique, del Anejo CO Individuo) .......... (32) | 23,637 00

5. Salarios Gobierno Federal (Encasillado 2, línea 1C de la Forma Larga o línea 2B o 2C, según aplique, del Anejo CO Individuo) .......... (33)

6. Total salarios (Sume líneas 4 y 5) .......... (34) | 23,637 00

7. Multiplique la línea 6 por 4% y anote aquí .......... (35) | 945 00

8. Deducción por gastos ordinarios y necesarios (Anote aquí y en el Anejo A Individuo, Parte II, línea 5 o línea 10E, Columna B o C del Anejo CO Individuo, según aplique, la menor de las siguientes cantidades: línea 3, línea 7, o hasta el límite de $1,500 ($750 si es casado que rinde planilla separada o si se acoge al cómputo opcional de la contribución en el caso de personas casadas que viven juntas, rinden planilla conjunta y con ambos trabajen)) .......... (60) | 945 00

Período de Conservación: Diez (10) años                    PRSoft, Inc. (www.prsoft.com)

05/26/2010  15:13  760

| Anejo O Individuo<br>Rev. 11.09 | CONTRIBUCION BASICA ALTERNA<br>Año contributivo comenzado el 1 de enero de 2009 y terminado el 31 de diciembre de 2009 | | 2009 |
|---|---|---|---|
| Nombre del contribuyente<br>AIDA ORTIZ ORTIZ | Enregrezca uno: (01)<br>○ 1 Contribuyente  ○ 2 Cónyuge | | Número de Seguro Social<br>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 |

**Parte I**  Determinación del Ingreso Neto Sujeto a Contribución Básica Alterna  (91)

| | | | |
|---|---|---|---|
| 1. Ingreso Bruto Ajustado (Encasillado 2, línea 5 de la planilla o línea 6, Columna B o C del Anejo CO Individuo, según aplique. Véanse inst.) .. | (02) | | 55,637 |00 |
| 2. Más: Deducciones concedidas bajo leyes especiales no contempladas en la Sección 1023 del Código ........................................ | (03) | | |00 |
| 3. Más: Ajuste por determinación de la participación en el beneficio o pérdida de ciertas sociedades especiales en base al método de porcentaje de terminación (Véanse instrucciones) ........................................ | (04) | | |00 |
| 4. Más: Exclusiones o exenciones de ingreso que no se derivan del Subtítulo A del Código (Véanse instrucciones) ........................................ | (05) | | |00 |
| 5. Más: Las siguientes exclusiones dispuestas en el Código:<br>Intereses: | | | |
| (a) Sobre ciertas obligaciones y valores (Véanse instrucciones) ........................ | (06) | |00 | |
| (b) Sobre ciertas hipotecas (Véanse instrucciones) ........................................ | (07) | |00 | |
| (c) Sobre ciertos préstamos (Véanse instrucciones) ........................................ | (08) | |00 | |
| (d) Hasta $2,000 sobre depósitos en cuentas que devenguen intereses (Sec. 1022(b)(4)(L)) (Anejo F Individuo, Parte I, línea 2) ........................ | (09) | |00 | |
| (e) Sobre depósitos en cuentas que devenguen intereses (Sec. 1022(b)(34)) (Anejo F Individuo, Parte I, línea 3) ... | (10) | |00 | |
| (f) Sobre bonos, pagarés, otras obligaciones o préstamos hipotecarios sujetos a la contribución del 10% (Sec. 1022(b)(53)) ........................................ | (11) | |00 | |
| Dividendos y distribuciones: | | | |
| (g) Provenientes de ingreso de fomento industrial derivados de ciertos intereses (Sec. 1022(b)(7)) ........ | (12) | |00 | |
| (h) Provenientes de corporaciones de dividendos limitados (Sec. 1022(b)(23)) ........................ | (13) | |00 | |
| (i) Elegibles de dividendos y participación en beneficios de sociedades (Sec. 1022(b)(33)) (Anejo F Individuo, Parte II, línea 1) ........................................ | (14) | |00 | |
| (j) Provenientes de asociaciones cooperativas (Sec. 1022(b)(36)) ........................................ | (15) | |00 | |
| (k) Provenientes de un Asegurador Internacional o Compañía Tenedora del Asegurador Internacional (Sec. 1022(b)(55) y 1022(b)(56)) ........................................ | (16) | |00 | |
| Renta: | | | |
| (l) Recibida del ELA por edificios dedicados a ciertas actividades de salud o educación (Sec. 1022(b)(6)(F)) ... | (17) | |00 | |
| (m) Proveniente de edificios en zonas históricas (Sec. 1022(b)(26)) ........................................ | (18) | |00 | |
| Premios: | | | |
| (n) Provenientes del Clásico Internacional del Caribe y del Clásico Copa Confraternidad (Sec. 1022(b)(9)) ..... | (19) | |00 | |
| (o) Literarios, periodísticos, científicos, artísticos y para el fomento industrial, agrícola o profesional (Sec. 1022(b)(20)) ........................................ | (20) | |00 | |
| Pensionados: | | | |
| (p) Ingresos por pensiones o anualidades hasta el límite provisto en la Ley 166 de 26 de junio de 1968 (Sec. 1022(b)(24)) (Anejo H Individuo, Parte II, línea 8) ........................................ | (21) | |00 | |
| (q) Bono de navidad, bono de verano y bono para medicamentos recibidos por pensionados del Gobierno (Sec. 1022(b)(43)) ........................................ | (22) | |00 | |
| Otros: | | | |
| (r) Estipendios recibidos por ciertos médicos durante el período de internado (Sec. 1022(b)(13)) ........ | (23) | |00 | |
| (s) Ingresos y distribuciones de corporaciones o sociedades dedicadas a la exportación (Sec. 1022(b)(27)) ... | (24) | |00 | |
| (t) Ingresos y distribuciones de corporaciones o sociedades dedicadas al embarque (Sec. 1022(b)(28)) ...... | (25) | |00 | |
| (u) Ganancia neta de capital a largo plazo sujeta a la contribución especial de la Sección 1014 (Sec. 1022(b)(29)) (Anejo D2 Individuo, Parte I, línea 2(g)) ........................................ | (26) | |00 | |
| (v) Cuota de Ajuste por Costo de Vida (COLA) (Sec. 1022(b)(40)) (Formulario W-2 Federal) ........ | (27) | |00 | |
| (w) Ingresos de equipos de béisbol de Grandes Ligas y de la Asociación Nacional de Baloncesto de los E.U. (Anejo F Individuo, Parte VI, línea 1, Columna D) ........................................ | (28) | |00 | |
| 6. Sume líneas 5(a) a la 5(w) ........................................ | (29) | | |00 |
| 7. Sume líneas 1, 2, 3, 4 y 6 ........................................ | (30) | | 55,637 |00 |
| 8. Menos: Deducciones y exenciones (Encasillado 3, línea 13 de la planilla o línea 14, Columna B o C del Anejo CO Individuo, según aplique) | (31) | | 29,114 |00 |
| 9. Ingreso Neto Sujeto a Contribución Básica Alterna antes del ajuste a la deducción por concepto de intereses hipotecarios (Línea 7 menos línea 8) .... | (32) | | 26,523 |00 |
| 10. Más: Ajuste a la deducción por concepto de intereses hipotecarios (Véanse instrucciones) ........ | (33) | | 6,883 |00 |
| 11. Ingreso Neto Sujeto a Contribución Básica Alterna (Sume líneas 9 y 10) ........................ | (34) | | 33,406 |00 |

Período de Conservación: Diez (10) años

PRSoft, Inc. (www.prsoft.com)

05/26/2010 15:13 760 ARANDA&PENA R/ 2 PAGE 11/18

| Formulario<br>Form 499R-2/W-2PR<br>Rev. 07.09 | ESTADO LIBRE ASOCIADO DE PUERTO RICO - COMMONWEALTH OF PUERTO RICO<br>DEPARTAMENTO DE HACIENDA - DEPARTMENT OF THE TREASURY | INFORMACIÓN PARA EL DEPARTAMENTO DE<br>HACIENDA | INFORMACIÓN PARA EL SEGURO SOCIAL<br>SOCIAL SECURITY INFORMATION |
|---|---|---|---|
| 0909001 | COMPROBANTE DE RETENCION - WITHHOLDING STATEMENT | DEPARTMENT OF THE TREASURY INFORMATION | |

| 1. Nombre - First Name<br><br>AIDA L. | 3. Núm. Seguro Social<br>Social Security No.<br><br>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 | 7. Sueldos - Wages<br>23,637.20 | 17. Total Sueldos Seguro Social<br>Social Security Wages<br>23,637.20 |
|---|---|---|---|
| Apellido(s)-Surname(s)<br><br>DEL LLANO | 4. Núm. de Ident. Patronal<br>Employer Ident. No. (EIN)<br><br>66-0286249 | 8. Comisiones - Commissions<br>0.00 | 18. Seguro Social Retenido<br>Social Security Tax Withheld<br>1,465.51 |
| Dirección Postal del Empleado - Employee's Mailing Address<br><br>PO BOX 3960 | | 9. Concesiones - Allowances<br>0.00 | 19. Total Sueldos y Pro. Medicare<br>Medicare Wages and Tips<br>23,637.20 |
| GUAYNABO PR 00969 | 5. Fecha en que comenzó a recibir<br>la pensión - Date on which you<br>started to receive the pension<br>Día Mes Año<br>Day Month Year | 10. Propinas - Tips<br>0.00 | 20. Contrib. Medicare Retenida<br>Medicare Tax Withheld<br>342.74 |
| 2. Nombre y Dirección Postal del Patrono<br>Employer's Name and Mailing Address<br>SUPER PET CENTER INC<br>PO BOX 3960 | 6. Costo de Pensión o Anualidad<br>Cost of Pension or Annuity<br>0.00 | 11. Total = 7 + 8 + 9 + 10<br>23,637.20<br>12. Gastos Reembolsados<br>Reimbursed Expenses<br>0.00 | 21. Propinas Seguro Social<br>Social Security Tips<br>0.00 |
| GUAYNABO PR 00969 | Copia C para Récords | 13. Cont. Retenida - Tax Withheld<br>3,000.00 | 22. Seguro Social no Retenido<br>en Propinas - Uncollected<br>Social Security Tax on Tips<br>0.00 |
| Número de Teléfono del Patrono<br>Employer's Telephone Number 787-788-8075 | del Empleado<br>Copy C for Employee's | 14. Fondo de Retiro - Retirement Fund<br>0.00 | |
| Fecha Cese de Operaciones: Día Mes Año<br>Cease of Operations Date: Day Month Year | Records | 15. Aportaciones a Planes Cualific.<br>Contributions to CODA PLANS<br>0.00 | 23. Contrib. Medicare no Retenida<br>en Propinas - Uncollected<br>Medicare Tax on Tips<br>0.00 |
| Número Control - Control Number<br><br>11913667 | Año:<br>Year: **2009** | 16. Salarios bajo Ley Núm. 324 de 2004<br>Salaries under Act No. 324 of 2004<br>0.00 | |
| | Instrucciones al dorso Copia B - Instructions on back of Copy B | | |



# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF PUERTO RICO

IN RE:   **AIDA L ORTIZ ORTIZ**                          }          CASE NUMBER:   **10-08174(SEK)**
                                                        }
                                                        }
                                                        }          **JUDGE    ESL**
                                                        }
         **DEBTOR.**                                     }          **CHAPTER 11**

---

### DEBTOR'S MONTHLY OPERATING REPORT (INDIVIDUAL)
### FOR THE PERIOD

FROM        12/1/2010        TO      12/31/2010

    Comes now the above-named debtor and files its Monthly Operating Report in accordance with the Guidelines established by the United States Trustee and FRBP 2015.

Dated:      1/24/2011

                                                  */s/Carmen D. Conde Torres*
                                                  Attorney for Debtor
                                                  USDC -PR 207312

Debtor's Address
and Phone Number:
P O BOX 3960
GUAYNABO, PR
    00970

Tel. 787-788-8525

Attorney's Address
and Phone Number:
C. Conde & Assoc.
254 San Jose St. Suite # 5
San Juan, PR 00901-1523
USDC-PR 207312
Tel. 787-729-2900
Fax. 787-729-2203

Note:  The original Monthly Operating Report is to be filed with the court and a copy simultaneously provided to the United States Trustee.
Monthly Operating Reports must be filed by the 20th day of the following month.

For assistance in preparing the Monthly Operating Report, refer to the following resources on the United States Trustee Program website,
http://www.usdoj.gov/ust/r21/reg_info.htm
1)       Instructions for Preparation Debtor's Chapter 11 Monthly Operating Report
2)       Initial Filing Requirements
3)       Frequently Asked Questions (FAQs)

## SUMMARY OF CASH RECEIPTS AND CASH DISBURSEMENTS

| Case Name: | AIDA L ORTIZ ORTIZ |
|---|---|
| Case Number: | 10-08174 |

Note: The information requested below is a summary of the information reported the various Schedules and Attachments contained within this report.

| | Month | Cumulative Total |
|---|---|---|
| CASH- Beginning of Month (Household) | 5828.54 | 23,115.28 |
| CASH- Beginning of Month (Business) | | |
| | | |
| Total Household Receipts | 5283.30 | 19830.05 |
| Total Business Receipts | | |
| Total Receipts | 11111.84 | 11111.84 |
| | | |
| Total Household Disbursements | 4878.95 | 19779.32 |
| Total Business Disbursements | | |
| Total Disbursements | 4878.95 | 19779.32 |
| | | |
| NET CASH FLOW (Total Receipts minus Total Disbursements) | 6232.89 | 18224.58 |
| | | |
| CASH- End of Month (Individual) | 6232.89 | 6232.89 |
| CASH- End of Month (Business) | | |

### CALCULATION OF DISBURSEMENTS FOR UNITED STATES TRUSTEE QUARTERLY FEES

| | | |
|---|---|---|
| TOTAL DISBURSEMENTS (From Above) | 4878.95 | 4878.95 |
| Less: Any Amounts Transferred or Paid from the Business Account to the Household Account (i.e., Salary Paid to Debtor or Owner's Draw) | 0 | 325 |
| DISBURSEMENTS FOR U.S. TRUSTEE FEE CALCULATION | 325.00 | 650.00 |

I declare under penalty of perjury that this statement and the accompanying documents and reports are true and correct to the best of my knowledge and belief

This _____21_____ day of ___JANUARY___2011_____

_____
Debtor's Signature

Monthly Operating Report - Individual

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF PUERTO RICO

IN RE:   **AIDA L ORTIZ ORTIZ**                    }          CASE NUMBER:   **10-08174(SEK)**
                                                   }
                                                   }
                                                   }          JUDGE   **ESL**
                                                   }
         **DEBTOR.**                               }          CHAPTER 11

---

### DEBTOR'S MONTHLY OPERATING REPORT (INDIVIDUAL)
### FOR THE PERIOD

FROM _____11/1/2010_____   **TO**   _____11/30/2010_____

    Comes now the above-named debtor and files its Monthly Operating Report in accordance with the Guidelines established by the United States Trustee and FRBP 2015.

Dated:   ____12/21/2010____

                                                             *Carmen D. Conde Torres*
                                                             Attorney for Debtor
                                                              USDC -PR 207312

Debtor's Address
and Phone Number:
P O BOX 3960
GUAYNABO, PR
    00970

Tel. 787-788-8525

Attorney's Address
and Phone Number:
C. Conde & Assoc.
254 San Jose St. Suite # 5
San Juan, PR 00901-1523
USDC-PR 207312
Tel. 787-729-2900
Fax. 787-729-2203

Note:  The original Monthly Operating Report is to be filed with the court and a copy simultaneously provided to the United States Trustee. Monthly Operating Reports must be filed by the 20th day of the following month.

For assistance in preparing the Monthly Operating Report, refer to the following resources on the United States Trustee Program website,
http://www.usdoj.gov/ust/r21/reg_info.htm
1)          Instructions for Preparation Debtor's Chapter 11 Monthly Operating Report
2)          Initial Filing Requirements
3)          Frequently Asked Questions (FAQs)

SUMMARY OF CASH RECEIPTS AND CASH DISBURSEMENTS

| Case Name: | AIDA L ORTIZ ORTIZ |
|---|---|
| Case Number: | 10-08174 |

Note: The information requested below is a summary of the information reported the various Schedules and Attachments contained within this report.

| | Month | Cumulative Total |
|---|---|---|
| CASH- Beginning of Month (Household) | 5295.05 | 17286.74 |
| CASH- Beginning of Month (Business) | | |
| Total Household Receipts | 4688.80 | 14546.75 |
| Total Business Receipts | | |
| **Total Receipts** | **9983.85** | **9983.85** |
| Total Household Disbursements | 4152.31 | 14900.37 |
| Total Business Disbursements | | |
| **Total Disbursements** | **4155.31** | **14900.37** |
| NET CASH FLOW (Total Receipts minus Total Disbursements) | 5828.54 | 11991.69 |
| CASH- End of Month (Individual) | 5828.54 | 5828.54 |
| CASH- End of Month (Business) | | |

### CALCULATION OF DISBURSEMENTS FOR UNITED STATES TRUSTEE QUARTERLY FEES

| | | |
|---|---|---|
| TOTAL DISBURSEMENTS (From Above) | 4155.31 | 4155.31 |
| Less: Any Amounts Transferred or Paid from the Business Account to the Household Account (i.e., Salary Paid to Debtor or Owner's Draw) | 0 | 325 |
| DISBURSEMENTS FOR U.S. TRUSTEE FEE CALCULATION | 0.00 | 325.00 |

I declare under penalty of perjury that this statement and the accompanying documents and reports are true and correct to the best of my knowledge and belief

This ____21____ day of ___DECEMBER_____ 2010 _____

Debtor's Signature

Monthly Operating Report - Individual

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF PUERTO RICO

| | | | |
|---|---|---|---|
| IN RE: | AIDA L ORTIZ ORTIZ | } | CASE NUMBER: 10-08174(SEK) |
| | | } | |
| | | } | |
| | | } | JUDGE ESL |
| | | } | |
| | DEBTOR. | } | CHAPTER 11 |

### DEBTOR'S MONTHLY OPERATING REPORT (INDIVIDUAL)
### FOR THE PERIOD
FROM ___10/1/2010___ TO ___10/31/2010___

Comes now the above-named debtor and files its Monthly Operating Report in accordance with the Guidelines established by the United States Trustee and FRBP 2015.

Dated: ___11/24/2010___

/s/ Carmen D. Conde Torres
Attorney for Debtor
USDC -PR 207312

Debtor's Address
and Phone Number:
P O BOX 3960
GUAYNABO, PR
00970

Tel. 787-788-8525

Attorney's Address
and Phone Number:
C. Conde & Assoc.
254 San Jose St. Suite # 5
San Juan, PR 00901-1523
USDC-PR 207312
Tel. 787-729-2900
Fax. 787-729-2203

Note: The original Monthly Operating Report is to be filed with the court and a copy simultaneously provided to the United States Trustee. Monthly Operating Reports must be filed by the 20th day of the following month.

For assistance in preparing the Monthly Operating Report, refer to the following resources on the United States Trustee Program website, http://www.usdoj.gov/ust/r21/reg_info.htm
1) Instructions for Preparation Debtor's Chapter 11 Monthly Operating Report
2) Initial Filing Requirements
3) Frequently Asked Questions (FAQs)

Case:10-08174-SEK11   Doc#:56   Filed:11/24/10   Entered:11/24/10 13:07:55   Desc: Main
Document   Page 2 of 9

| Case Name: | AIDA L ORTIZ ORTIZ |
|---|---|
| Case Number: | 10-08174 |

Note: The information requested below is a summary of the information reported the various Schedules and Attachments contained within this report.

| | Month | Cumulative Total |
|---|---|---|
| CASH- Beginning of Month (Household) | 5295.05 | 11991.69 |
| CASH- Beginning of Month (Business) | | |
| | | |
| Total Household Receipts | 4688.8 | 9857.95 |
| Total Business Receipts | | |
| Total Receipts | 9983.85 | 9983.85 |
| | | |
| Total Household Disbursements | 4155.31 | 10748.06 |
| Total Business Disbursements | | |
| Total Disbursements | 4155.31 | 10748.06 |
| | | |
| NET CASH FLOW  (Total Receipts minus Total Disbursements) | 5828.54 | 11991.69 |
| | | |
| CASH- End of Month (Individual) | 5828.54 | 5828.54 |
| CASH- End of Month (Business) | | |

### CALCULATION OF DISBURSEMENTS FOR UNITED STATES TRUSTEE QUARTERLY FEES

| | | |
|---|---|---|
| TOTAL DISBURSEMENTS (From Above) | 4155.31 | 4155.31 |
| Less: Any Amounts Transferred or Paid from the Business Account to the Household Account (i.e., Salary Paid to Debtor or Owner's Draw) | 0 | 325 |
| DISBURSEMENTS FOR U.S. TRUSTEE FEE CALCULATION | 0.00 | 325.00 |

I declare under penalty of perjury that this statement and the accompanying documents and reports are true and correct to the best of my knowledge and belief

This ___24___ day of __November__ 20_10_.          _____
                                                    Debtor's Signature

Monthly Operating Report - Individul

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF PUERTO RICO

IN RE:   **AIDA L ORTIZ ORTIZ**                    }         CASE NUMBER:   **10-08174(SEK)**
                                                   }
                                                   }
                                                   }         **JUDGE   ESL**
                                                   }
         **DEBTOR.**                               }         **CHAPTER 11**

---

### DEBTOR'S MONTHLY OPERATING REPORT (INDIVIDUAL)
### FOR THE PERIOD

FROM          9/3/2010          TO          9/30/2010

Comes now the above-named debtor and files its Monthly Operating Report in accordance with the Guidelines established by the United States Trustee and FRBP 2015.

Dated:  11/2/2010

                                                   *Carmen D. Conde Torres*
                                                   Attorney for Debtor
                                                   USDC -PR 207312

Debtor's Address                                   Attorney's Address
and Phone Number:                                  and Phone Number:
P O BOX 3960                                       C. Conde & Assoc.
GUAYNABO, PR                                       254 San Jose St. Suite # 5
   00970                                            San Juan, PR 00901-1523
                                                   USDC-PR 207312
Tel. 787-788-8525                                  Tel. 787-729-2900
                                                   Fax. 787-729-2203

Note:  The original Monthly Operating Report is to be filed with the court and a copy simultaneously provided to the United States Trustee.
Monthly Operating Reports must be filed by the 20th day of the following month.

For assistance in preparing the Monthly Operating Report, refer to the followng resources on the United States Trustee Program website,
http://www.usdoj.gov/ust/r21/reg_info.htm
1)          Instructions for Preparation Debtor's Chapter 11 Monthly Operating Report
2)          Initial Filing Requirements
3)          Frequently Asked Questions (FAQs)

## SUMMARY OF CASH RECEIPTS AND CASH DISBURSEMENTS

| Case Name: | AIDA I. ORTIZ ORTIZ |
|---|---|
| Case Number: | 10-08174 |

Note: The information requested below is a summary of the information reported in the various Schedules and Attachments contained within this report

| | Month | Cumulative Total |
|---|---|---|
| CASH- Beginning of Month (Household) | 6696.64 | |
| CASH- Beginning of Month (Business) | | |
| | | |
| Total Household Receipts | 5169.15 | |
| Total Business Receipts | | |
| Total Receipts | 11890.8 | |
| | | |
| Total Household Disbursements | 6595.75 | |
| Total Business Disbursements | | |
| Total Disbursements | 6595.75 | |
| | | |
| NET CASH FLOW (Total Receipts minus Total Disbursements) | 5295.05 | |
| | | |
| CASH- End of Month (Individual) | 5295.05 | |
| CASH- End of Month (Business) | | |

### CALCULATION OF DISBURSEMENTS FOR UNITED STATES TRUSTEE QUARTERLY FEES

| | |
|---|---|
| TOTAL DISBURSEMENTS (From Above) | 6595.75 |
| Less: Any Amounts Transferred or Paid from the Business Account to the Household Account (i.e., Salary Paid to Debtor or Owner's Draw) | |
| DISBURSEMENTS FOR U.S. TRUSTEE FEE CALCULATION | 325.00 |

I declare under penalty of perjury that this statement and the accompanying documents and reports are true and correct to the best of my knowledge and belief

This 2 day of November 20 10 .

Debtor's Signature

Monthly Operating Report - Individual

**Aida Ortiz Ortiz**
PAYMENTS UNDER PLAN

| CREDITOR | CLAIM# | CLASS | CLAIMS SCHEDULED | CLAIM AMOUNT | ALLOWED AMOUNT | AMOUNT TO BE PAID | Monthly Payment | 2011 | 2012 | 2013 | 2014 | 2015 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Administrative Claims | | | | $15,000.00 | $15,000.00 | $15,000.00 | | | | | | |
| Total | | | | | $15,000.00 | $15,000.00 | | | | | | |
| **SECURED** | | | | | | | | | | | | |
| First Bank | 2a | 2 | | $245,156.56 | $245,156.56 | $245,156.56 | $1,667.60 | $20,011.20 | $20,011.20 | $20,011.20 | $20,011.20 | $20,011.20 |
| BSPR | 2b | 7 | | $176,984.57 | $176,984.57 Property surrendered. Lien to follow property | | | | | | | |
| CRIM (San Francisco) | 2c | 6 | | $2,418.93 Property surrendered. Lien follows property | | | | | | | | |
| CRIM (Vega Alta) | 2d | 6 | | $3,909.58 | $3,909.58 | $3,909.58 | $108.60 | 1537.8 | 1537.8 | $1,194.59 | | |
| VEGACOOP | 2e | | | $5,375.06 Collateral to be surrendered. | | | | | | | | |
| Sodiabank | 2f | 10 | Scheduled | $26,777.01 | $26,777.01 Claim to be paid directly by Super Pet Center, Inc. | | | | | | | |
| Total | | | | | $460,621.71 | $249,066.14 | $1,776.20 | | | | | |
| **GENERAL UNSECURED** | | | | | | | | | | | | |
| American Express. | | 4 | $4,177.43 | $4,177.43 | $4,177.43 | $208.87 | $3.48 | $41.77 | $29.84 | $29.84 | $29.84 | $29.84 |
| BPPR | 2 | 4 | Scheduled | $94,806.26 | $94,806.26 | $4,740.31 | $79.01 | $948.06 | $948.06 | $948.06 | $948.06 | $948.06 |
| DDR Rio Hondo | 7 | 4 | Scheduled | $49,044.00 | $49,044.00 | $2,452.20 | $40.87 | $490.44 | $490.44 | $490.44 | $490.44 | $490.44 |
| DDR Señorial | 6 | 4 | Scheduled | $212,758.00 | $212,758.00 | $10,637.90 | $177.30 | $2,127.58 | $2,127.58 | $2,127.58 | $2,127.58 | $2,127.58 |
| Oriental Bank | 8 | 4 | | $301,348.21 | $301,348.21 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Oriental Bank | 9 | 4 | | $29,680.53 | $29,680.53 | $1,484.03 | $24.73 | $296.81 | $296.81 | $296.81 | $296.81 | $296.81 |
| Oriental Bank | | 4 | | $13,179.72 | $13,179.72 | $658.99 | $10.98 | $131.80 | $131.80 | $131.80 | $131.80 | $131.80 |
| Oriental Bank | 5 | 4 | | $17,692.35 | $17,692.35 | $884.62 | $14.74 | $176.92 | $176.92 | $176.92 | $176.92 | $176.92 |
| VEGACOOP | 10 | 4 | | $21,000.71 | $21,000.71 | $1,050.04 | $17.50 | $210.01 | $210.01 | $210.01 | $210.01 | $210.01 |
| Caparra Center Assoc. | 3 | 4 | | $129,558.86 | $129,558.86 | $6,477.94 | $107.97 | $1,295.59 | $1,295.59 | $1,295.59 | $1,295.59 | $1,295.59 |
| FIA Card Services | 1 | 4 | | $21,600.24 | $21,600.24 | $1,080.01 | $18.00 | $216.00 | $216.00 | $216.00 | $216.00 | $216.00 |
| Home Depot | | 4 | Scheduled | $1,899.76 | $1,899.76 | $94.99 | $1.58 | $19.00 | $19.00 | $19.00 | $19.00 | $19.00 |
| Plaza Las Americas | | 4 | Scheduled | $28,834.90 | $28,834.90 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Tania del Llano | 12 | 4 | | $176,984.54 | $176,984.54 | $8,849.23 | $147.49 | $1,769.85 | $1,769.85 | $1,769.85 | $1,769.85 | $1,769.85 |
| Tania del Llano | 13 | 4 | | 67,200.00 $ | $67,200.00 | 3,360.00 | $56.00 | $672.00 | $672.00 | $672.00 | 672.00 $ | 672.00 |
| Tania del Llano | 14 | 4 | | 9,000.00 $ | $9,000.00 $ | 450.00 $ | $7.50 | $90.00 | $90.00 | $90.00 $ | 90.00 | $90.00 |
| Tania del Llano | 15 | 4 | | 350,000.00 $ | $0.00 $ | - $ | | | - $ | - $ | - | |
| Total | | | | | $1,178,765.51 | $31,791.22 | $707.15 | | | | | |
| **PRIORITY** | | | | | | | | | | | | |
| Hacienda | Art. III | | Scheduled | 3014.92 | 3014.92 | 3919.4 | 65.32 | 783.84 | 783.84 | 783.84 | 783.84 | 783.84 |
| Total | | | | | | | | | | | | |

Total $1,841.52

## ASSETS

| | Estimated Value | % Of Estimated Values | Liquidation Value |
|---|---|---|---|
| Bank accounts | $1,802.94 | 100.00% | $1,802.94 |
| Jewelry | $1,500.00 | 66.00% | $990.00 |
| Toyota Highlander | $28,000.00 | 4.37% | $1,222.99 |
| Shares in VEGACOOP | $5,375.06 | 0.00% | $0.00 |
| Household furnishings | $6,050.00 | 0.00% | $0.00 |
| Wearing apparel | $800.00 | 0.00% | $0.00 |
| IRA Oriental Bank | $5,205.67 | 0.00% | $0.00 |
| IRA R&G Premier Bank | $8,311.88 | 0.00% | $0.00 |
| Stocks in Super Pet Center, Inc. | $0.00 | 0.00% | $0.00 |
| Residence Vega Alta | $247,500.00 | 0.00% | $0.00 |
| **Total Estimated Liquidation Value** | **$304,545.55** | | **$4,015.93** |

| | | | |
|---|---|---|---|
| Administrative Claims (Chapter 7) | | | |
| Chapter 7 Trustee Fees | $20,000.00 | 100.00% | $20,000.00 |
| Total | $20,000.00 | 100.00% | $20,000.00 |
| Amount available for payment other than chapter 7 administrative expenses | | | -$15,984.07 |

| | | | |
|---|---|---|---|
| Administrative Claims (Chapter 11) | | | |
| Legal Fees | | | $0.00 |
| Total | $20,000.00 | 100.00% | $20,000.00 |
| | | | $0.00 |
| Amount available for payment of creditors | | | -$15,984.07 |

**Payment to Priority creditors**

| | | | |
|---|---|---|---|
| Unsecured Priority Claims | | | $3,014.92 |

| | |
|---|---|
| nount Available for Unsecured Creditors | -$12,969.15 |
| Total Unsecured as per Claims filed | $1,431,814.14 |
| % Available to Unsecured in Chapter 7 | 0% |
| % Available Plan | 5% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| IN RE: | CASE NO. 10-08174 (SEK) |
|---|---|
| **AIDA ORTIZ ORTIZ** | |
| Debtor | **CHAPTER 11** |
| IN RE: | CASE NO. 10-08177 (SEK) |
| **SUPER PET CENTER, INC** | |
| Debtor | **CHAPTER 11** |

**JOINT MOTION SUBMITTING STIPULATION**

**TO THE HONORABLE COURT:**

**COME NOW**, Aida Ortiz Ortiz, Super Pet Center, Inc. ("Debtors"), Tania Del Llano and Ian Del Llano ("the appearing creditors"), through their respective undersigned attorneys and very respectfully state and pray:

1.     On September 3, 2010, Debtors filed for relief pursuant to the provisions of Chapter 11 of the Bankruptcy Code; since then, Debtors have conducted their affairs as Debtors in Possession. On that same date Aida Ortiz Ortiz filed her Schedules and Statement of Financial Affairs.

2.     Thereafter, on November 2, 2010, Aida Ortiz Ortiz filed her amended Schedules. (Docket 30). Amended Schedule A included a list of real property including one located at Calle Diamela #1686, Urb. San Francisco, San Juan, PR , hereinafter referred to as the "San Francisco Property". Debtor listed an interest in the same as "co-owner subject to stipulation."

3.      Amended Schedule D included Banco Santander de Puerto Rico ("BSPR") as secured creditor with a lien over the San Francisco property in the amount of $118,204.09. Also, Amended Schedule F included the appearing creditors as creditors on account of Judgment in state court case DPE 2007-1532 (503).

4.      On December 14, 2010, Aida Ortiz Ortiz filed her Disclosure Statement and Small Business Plan of Reorganization. (Dockets 39 and 40 respectively)

5.      On January 3, 2011, the appearing creditors filed the following claims in case 10-08174:

  a.  Claim #12 in the amount of $176,984.54

  b.  Claim #13 in the amount of $67,200.00

  c.  Claim #14 in the amount of $9,000.00

  d.  Claim #15 in the amount of $350,000.00

6.      On January 8 and January 11 respectively, the appearing creditors filed the following claims in case 10-08177:

  a.  Claim #23 in the amount of $176,984.54

  b.  Claim #28 in the amount of $350,000.00

7.      On January 7, 2011, the appearing creditors filed an objection to the Disclosure Statement and the Chapter 11 Reorganization Plan in case 10-08174. (Docket 49).

8.      On January 10, 2011, the appearing creditors filed an objection to the Disclosure Statement and the Chapter 11 Reorganization Plan in case 10-08177. (Docket 69).

9.      Even though a formal objection to the appearing creditors' claims has not been filed by the Debtors, they have reserved their right to file an objection if a settlement is not

reached.

10.    The parties have settled their differences pursuant to the following:

## TERMS AND CONDITIONS

11.    The parties hereby acknowledge and affirm that title over the of San Francisco Property was adjudicated and privately transferred to the appearing creditors at the moment of the signature of the stipulation, later converted into Judgment in state court case no.: DPE 2007-1532 (503); nevertheless no deed of transfer was ever signed. Therefore, the San Francisco Property is not part of Debtor's bankruptcy estate under section §541 of the Bankruptcy Code.

12.    The San Francisco Property is encumbered with the liens held, including but not limited to, the liens held by BSPR, CRIM and any maintenance fees owed. The liens will follow the property, but a personal obligation of Aida Ortiz Ortiz remained unsatisfied, which is her liability for Claims #12, 13 and 14 as they are herein described, as in the Judgment. Pursuant to this stipulation, those claims are herein accepted by Ms Aida Ortiz Ortiz.

13.    Further a personal obligation of Super Pet Center, Inc., remained unsatisfied, which is its liability for Claims #23, as they are herein described, as in the Judgment; which is herein accepted.

14.    With the approval of the instant stipulation, the parties agrees treatment of Claims # 12, 13, 14 in case 10-08174 and Claim #23 in case 10-08177, to be paid as general unsecured claims in equal treatment to all others general unsecured creditors under the Chapter 11 Reorganization Plan filed or to be filed in both cases.

15.    Claim #15 in case 10-08174 and Claim #28 in case 10-08177 will not receive distribution under Debtors' Chapter 11 Reorganization Plans, but the claims but the claims will

remain if the cases are further dismissed or converted to liquidation under Chapter 7.

16.     The appearing creditors will withdraw their objection to the final approval of the
Disclosure Statement and the confirmation of the Plan of Reorganization in both cases, subject
to the approval of the instant stipulation.

17.     This agreement settles the appearing creditors' objections to the confirmation of
Disclosure Statements and Plan of Reorganization filed in these proceedings; it further settles
the treatment of claims against the Debtors subject to a discharge order. Once the Debtors
obtain a discharge, then the discharge order will also discharge all claims between Debtors and
the appearing creditors in the state court cases no.: DPE 2007-1532 (503) and KCD2010-1671.
It is further acknowledge that this stipulation will not release the liability of others parties in the
aforementioned cases, thus, they will remain liable for any unpaid portion of the claims.

18.     This stipulation, once approved, will be included as an integral part of the any
proposed Plan of Reorganization.

19.     Dismissal of this case will not bar the Del Llano appearing creditors to collect
their credit under non bankruptcy law.

20.     By virtue of the salient facts of the case, and the stipulation and judgment
entered in case DPE 2007-1532 (503) the San Francisco property  is not be considered as
property of the state under section §541 of the bankruptcy code. Upon the approval of this
stipulation the terms and conditions herein contained will have "res judicata" effect in any other
proceeding involving the same parties, their successors or any superseding trustee in this
Chapter 11 case or any trustee in a case into which this case may be converted pursuant to
another chapter of the Bankruptcy Code. As an abundance of caution, upon the approval of the

subject stipulation the property will be further deemed surrendered to the appearing creditors. This stipulation will serve as further release, waiver and certainty to the appearing creditors to afterward deal with the aforementioned property without any liability under the Strong Arm Powers of a Trustee under sections 11 USC §522, 544, 545, 547, 548 549 or 553, their successors or any superseding trustee in this Chapter 11 case or any trustee in a case into which this case may be converted pursuant to another chapter of the Bankruptcy Code.

21.     The terms of this Stipulation shall bind the parties and their respective successors, privies and assigns, including, without limitation, to any superseding trustee in this Chapter 11 case or any trustee in a case into which this case may be converted pursuant to another chapter of the Bankruptcy Code; once approved, it will be binding on all parties, and it will further prevail upon any other amended plan to be filed by Debtor.

## NOTICE TO CREDITORS AND PARTIES IN INTEREST

**You are hereby notified that the parties have filed the above settlement agreement. Any party objecting to the above detailed proposed settlement should file its objection on or before twenty one (21) days from the date hereof. If no objections are filed, the settlement will be approved by the Court without the need for a hearing.**

**WHEREFORE**, the parties very respectfully request that this Honorable Court approve this stipulation.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this ⟨signature⟩ day of February 2011.

**C. CONDE & ASSOC.**

<u>Luisa S. Valle Castro</u>
Luisa S. Valle Castro, Esq.
USDC No. 215611
254 San José Street, 5th Floor
Old     San     Juan,     Puerto     Rico     00901
Telephone:  787-729-2900
Facsimile:  787-729-2203
E-Mail:  *condecarmen@microjuris.com*

W&B Law Offices, PSC
<u>Carlos R. Hernández-Vivoni</u>
Carlos R. Hernández-Vivoni, Esq.
USDC No.: 221609
American Airlines Building
1509 López Landrón, 10th Floor
San Juan, PR 00911
Tel.: (787) 607–4041
Email: chernandez@wblawpr.com

Accepted:

<u>S/Aida Ortiz Ortiz</u>
Aida Ortiz Ortiz

<u>s/ Tamiky Del Llano</u>
Super Pet Center, Inc.
By: Tamiky Del Llano

<u>S/ Tania Del Llano</u>
Tania Del Llano

<u>S/Ian Del Llano</u>
Ian Del Llano

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the parties appearing in said system and I hereby certify that I have mailed by United States Postal Service the document to the non CM/ECF participants included in the master address list.

C. CONDE & ASSOC.
Attorney for the Trustee
San Jose Street #254
Suite 5
San Juan, PR 00901-1253
Tel: (787) 729-2900
Fax: (787) 729-2203
/s/LUISA S. VALLE CASTRO
Luisa S. Valle Castro, Esq.
USDC No. 215611