## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | **CASE NO. 10-08174 (SEK)** |
| **AIDA ORTIZ ORTIZ** | |
| Debtor | **CHAPTER 11** |

### *AIDA ORTIZ ORTIZ'*
### *AMENDED PLAN OF REORGANIZATION*
### *DATED FEBRUARY 7, 2010.*

### ARTICLE I
### SUMMARY

This Amended Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Aida Ortiz Ortiz (the "Debtor") from the income derived from her salary as President of Super Pet Center, Inc..

This Plan provides for one (1) class of secured claims divided into six (6) sub-classes; one (1) class of unsecured priority claims and one (1) class of unsecured claims. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately up to 5 cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

As of the date of this Plan of Reorganization, the deadline to file proofs of claims has not expired. This document has been prepared with the amounts listed in the Debtor's Schedules and the filed claims. In the event additional claims are filed, the Debtor will amend the plan of reorganization accordingly. The deadline for filing a proof of claim in this case is January 11, 2011 and for Governmental entities is March 8, 2011.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides

more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

**Section 2.01**    CLASS 1. Administrative Expenses. Administrative expenses are costs or expenses of administering the Debtor's chapter 11 case which are allowed under 507(a)(2) of the Code. The Code requires that all administrative expenses be paid on the effective date of the Plan, unless a particular claimant agrees to a different treatment.

**Section 2.02**    Class 2. Secured Claims. The claim of Secured Creditors, to the extent allowed as a secured claim under § 506 of the Code.

**Section 2.03**    Class 3. Priority Unsecured Claims. All unsecured claims allowed under §§ 507(a)(1), (4), (5), (6), and (7) of the Code.

**Section 2.04**    Class 4 . General Unsecured Claims. All unsecured claims allowed under §502 of the Code.

**Section 2.05**    Class 5.  Equity Interest Holders.    Equity interests of the Debtor.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

**Section 3.01**    Administrative Expense Claims.

Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VIII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

**Section 3.02**   Priority Tax Claims.

Each holder of a priority tax claim will be paid in accordance with 100% of the claimed amount over the course of five (5) years after the effective date of the Plan of Reorganization. (See Exhibit 5 of the Disclosure Statement for the Treatment of all classes under the Plan).

**Section 3.03**   United States Trustee Fees.

All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

**Section 3.04**   Unclassified Claims.

Under section §1123(a)(1), administrative expense claims and priority tax claims are not in classes.

Certain types of claims are automatically entitled to specific treatment under the Code. They are not considered impaired, and holders of such claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code. As such, the Plan Proponent has *not* placed the following claims in any class:

*(a) PRIORITY TAX CLAIMS*

Priority tax claims are those taxes described by § 507(a)(8) of the Code. Unless the holder

of such a § 507(a)(8) priority tax claim agrees otherwise, it must receive the present value of such

claim, in regular installments paid over a period not exceeding 5 years from the order of relief.

The following chart lists the Debtor's estimated § 507(a)(8) priority tax claims and their

proposed treatment under the Plan:

| DESCRIPTION | ESTIMATED AMOUNT OWED | TREATMENT |
|---|---|---|
| Department of Treasury | $3,014.92 | Pmt interval= monthly<br>Payment= $65.32<br>End Date= 60months<br>Total Payout Amount=$3919.40 |

The above chart lists the Debtor's estimated § 507(a)(8) priority tax claims and their

proposed treatment under the Plan: *See* **Exhibit 5 of the Disclosure Statement**, Payment Plan.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – Administrative Expenses | Not Impaired | Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. |

| | | |
|---|---|---|
| Class 2a – *Secured claim of*:<br>**Firstbank**<br>Collateral description: real estate consisting of Lot of land and residence located at Estancia de Cerro Gordo, 57 Plaza Valeri, Vega Alta, PR<br>Allowed Secured Amount: $245,156.56 | Not Impaired | Payment pursuant to its original terms and conditions. |
| Class 2b: Banco Santander de Puerto Rico<br>Collateral description: Residence located at Calle Diamela #1686, Urb. San Francisco, San Juan, PR<br>Allowed amount of claim: 176,984.57 | IMPAIRED | The Debtor has reached an agreement with the heirs, whereby the property that serves as collateral to this claim has been excluded from the estate. Therefore, the lien and this claim will follow the property. In the alternative, the Debtor consents to the lift of stay in favor of BSPR and any amounts owed, if any, will be considered an unsecured claim under Class 4. |
| Class 2c: Cooperativa de Ahorro y Crédito Vega Alta (VEGACOOP)<br><br>Collateral: Shares and savings<br><br>Allowed amount of claim: $26,375.77 | IMPAIRED | The Debtor will surrender the collateral and the remaining value of the claim will be paid as an unsecured claim. |
| Class 2d: CRIM (San Francisco)<br>Collateral: Residence located at Calle Diamela #1686, Urb. San Francisco, San Juan, PR<br><br>Allowed amount of claim: $2,418.93 | IMPAIRED | The Debtor has reached an agreement with the heirs, whereby the property that serves as collateral to this claim has been excluded from the estate. Therefore, the lien and this claim will follow the property. In the alternative, the Debtor consents to the lift of stay in favor of CRIM and any amounts owed, if any, will be considered an unsecured claim under Class 4. |

| | | |
|---|---|---|
| Class 2e: CRIM (Vega Alta)<br><br>Collateral: Lot of land and residence located at Estancia de Cerro Gordo, 57 Plaza Valeri, Vega Alta, PR<br><br>Allowed amount: $3,909.58 | IMPAIRED | Monthly payment: $128.15<br><br>Months: 36<br><br>Interest: 6% |
| Class 2f: Scotiabank<br><br>Collateral: 2010 Toyota Highlander<br><br>Allowed amount: $26,777.01 | NOT IMPAIRED | This claim will be paid pursuant to the original terms and conditions of the loan. Payment will be made directly by Super Pet Center, Inc as an employee benefit. |
| Class 3 - Priority Unsecured Claims | Not Applicable | Not applicable |
| Class 4 - General Unsecured Creditors | Impaired | The Debtor proposes paying 5% in 60 months. Please see Exhibit 5 of the Disclosure Statement for the treatment of this class. |

# ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

**Section 5.01** <u>Disputed Claim</u>. A disputed claim is a claim that has not been allowed or disallowed

[by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

**Section 5.02** <u>Delay of Distribution on a Disputed Claim.</u> No distribution will be made on account of a disputed claim unless such claim is allowed.

**Section 5.03** <u>Settlement of Disputed Claims</u>. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**Section 6.01** Assumed Executory Contracts and Unexpired Leases. The Debtor does not hold any executory contracts nor unexpired leases.

**Section 6.02** Rejected Executory Contracts and Unexpired Leases.

(a) NONE

**Section 6.03** General information related to executory contracts and/or unexpired leases:

(a) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the date of the entry of the order confirming this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no

later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

Payments and distributions under the Plan will be funded by the operations of the Debtor, including but not limited to the income derived by the Debtor from her salary as the President of Super Pet Center, Inc..

## ARTICLE VIII
## GENERAL PROVISIONS

Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

**Section 8.01** Effective Date of Plan. The effective date of this Plan is thirty (30) day following the date in which the order of confirmation is final. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

**Section 8.02** Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**Section 8.03** Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

**Section 8.04** Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**Section 8.05** Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Puerto

Rico govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

**Section 8.06** Corporate Governance. The Debtor hereby abides section 1123(a)(6) of the Code and prohibits the issuance of non-voting equity security. Further, the new equity security issued as a result of this plan shall be equal with respect to the possibility of any dividends and the voting directors.

## ARTICLE IX

**DISCHARGE** The debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in §1141(d)(5) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, this 7th day of February, 2011.
S/Aida Ortiz Ortiz
Aida Ortiz Ortiz

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the parties appearing in said system including the US Trustee and the creditors' committee and by United States Postal Service to all those parties who has requested a copy and are not within the electronic service.

C. CONDE & ASSOC.
Attorney for Debtor
San Jose Street #254, 5th Floor
San Juan, PR 00901-1253
Tel: (787) 729-2900
Fax: (787) 729-2203

Email: condecarmen@microjuris.com

*s/Luisa S. Valle Castro*
Luisa S. Valle Castro
USDC No.: 215611